## Gore *against* Kinney.

In an action of ejectment founded upon a legal title, the plaintiff is not required to tender the money due to the defendant upon his equitable claim before suit brought; but if the action be founded upon an equitable title, the plaintiff, to entitle him to recover, must not only tender the money before suit brought, but he must also have it in court ready to be paid in the event of a verdict for him.

WRIT of error to the common pleas of *Bradford* county.

This was an action of ejectment for a tract of land by Samuel K. Gore against George and George W. Kinney.

The facts of the case seemed to be, that the land in controversy had been sold in 1834, at sheriff's sale, as the property of the present plaintiff, and purchased by William H. Overton for 625 dollars, who conveyed to the present defendants. The proof was, that at the time of sale, an arrangement was made between the defendant in the execution, the present plaintiff, and the purchaser, that, if the property was sold to William H. Overton, upon whose judgment it was sold, he, Gore, should have the right to redeem the same, by paying the purchase-money in five years. It was a fact submitted to the jury, whether Gore was to pay the amount for which the land was sold to Overton, or whether he was to pay the amount of his judgment upon which it was sold. Kinneys, the present defendants, had notice of the facts when they purchased. Before this suit was brought, the plaintiff tendered to the defendants 600 dollars in specie, and demanded a conveyance of the land, which was refused. The plaintiff did not bring the money into court in the trial of the cause.

In addition to the defence on the merits, the defendants contended that the plaintiff was not entitled to recover—1. Because he had not tendered a sufficient sum. 2. That he had not brought the money into court and offered to pay upon a verdict in his favour.

*Conyngham*, president, was of opinion, that the latter ground was fatal to the plaintiff's action, and directed a verdict against him.

*Baldwin*, for the plaintiff in error, cited *Litt. sect.* 334; 8 *Serg. & Rawle* 150; 3 *Peters' Dig.* 625; 7 *Watts* 287; 6 *Watts* 534; 1 *Watts* 180; 4 *Rawle* 141; 5 *Bac. Ab.* 11.

*Williston*, for the defendant in error, cited 5 *Serg. & Rawle* 323, 383; 3 *Rawle* 26; 8 *Serg. & Rawle* 497; 10 *Serg. & Rawle* 41; 4

[Gore v. Kinney.]

*Watts* 286; 10 *Serg. & Rawle* 17; 7 *Serg. & Rawle* 348; 3 *Serg. & Rawle* 423.

The opinion of the Court was delivered by

SERGEANT, J.—This case depended chiefly on questions of fact, which seem to have been submitted by the court to the jury, and in relation to which we are not called on to express an opinion. The only point of law concerning which a doubt has been entertained, is as to that part of the charge in which the court instruct the jury that the plaintiff would not be entitled to recover, unless, in addition to the tender made before suit brought, he now brings the money into court ready to be paid over to the defendant if the verdict of the jury should be for the plaintiff; and that not having done or offered to do this, he could not recover, and the verdict must be for the defendant.

It is contended by the plaintiff, that having tendered the money before suit brought, it was unnecessary to do so again on the trial, but that every purpose might be effected by a conditional verdict. Upon looking into the authorities, however, the principle stated by the court has been too well established to be called in question. The distinction has been settled between the case of an ejectment brought on a legal title and on an equitable title. In the case of a legal title, the rule is, that the plaintiff has a right to commence his action before tendering the money due to the defendant on his equitable claims. But in the case of an action of ejectment, founded on an equitable title, the plaintiff must not only tender the money before suit brought, but he must also have it in court ready to be paid to the defendant in case of a verdict for the plaintiff. Youst v, Martin, 3 *Serg. & Rawle* 432; Peebles v. Reading, 8 *Serg. & Rawle* 496; Moody v. Vandyke, 4 *Binn.* 41. In Minsker v. Robenson, 2 *Yeates* 346, the court say, the general rule must be, that the purchaser who seeks for redress under articles, must bring his money into court, in order to show his readiness to perform his contract. The adversary may, however, if he pleases, modify or relax the rule. And the case was adjourned till afternoon, and then till morning, to give the plaintiff an opportunity of bringing in the money. But not being done, he suffered a nonsuit.

The instruction of the court below therefore was correct.

Judgment affirmed.