# D'Arras *versus* Keyser.

A vendee once fairly in possession of land under articles of purchase, but ousted by illegal means, is entitled to recover in an action of ejectment, without bringing into court the balance of the purchase-money due upon the articles.

Time is not of the essence of real contracts, unless made so by the express agreement of the parties, or plainly indicated by the attending circumstances.

ERROR to the District Court of *Philadelphia.*

This was an action of ejectment brought by Mary D'Arras against Sylvester Keyser, to recover certain premises at Nicetown, in Philadelphia county. Auguste D'Arras, deceased, the husband of the plaintiff, owned the premises, and these were seized and sold upon an old mortgage in January, 1849. The property was purchased by Keyser, the defendant, who, on the first of January, 1849, leased it to D'Arras. This lease contained the following clause :—" That the said Auguste D'Arras, or his present wife, shall have the right, liberty, and privilege of purchasing the said premises for the price or sum of twenty-five hundred and seventy-five dollars, at any time within twelve months from the date hereof, and upon the payment of said sum or purchase-money, and

[D'Arras *v.* Keyser.]

all arrears of rent which may then be due and owing under the above lease, by either the said Auguste D'Arras or his wife, the said Sylvester Keyser doth covenant, promise, and agree to execute to them, or either of them, a deed in fee for said premises, upon the presentation of a deed to be prepared by them in the usual form for that purpose."

D'Arras continued to occupy the premises and pay the rent under this lease, until he died, and his widow then paid it for some time.

Afterwards she gave notice to Keyser that she was prepared to pay the money, and desired to have the premises conveyed, but he alleged that the time for carrying out that provision in the lease had expired, and expressed his determination not to convey. She then ceased to pay rent, and he alleged it to be in arrear. Keyser proceeded under the Act of 3d April, 1830, and dispossessed her. On the 9th October, 1852, she, by her agent, tendered to him a deed for execution, and the purchase-money, which being refused, she instituted this ejectment.

The defendant submitted the following points at the trial:—

1. If the plaintiff be entitled to recover at all, she can only recover under the leases in evidence: and she cannot recover under them, because there was no tender within the time stipulated.

2. The plaintiff cannot recover, not having paid the money into court.

The court reserved the point whether the plaintiff could recover without having paid the money into court.

The jury found for the plaintiff, annexing a condition to the verdict, that she pay the money into court during the term at which the cause was tried.

The plaintiff paid the money within the stipulated time, but the defendant declined accepting it.

The court afterwards rendered judgment for the defendant on the point reserved, *non obstante veredicto*.

The plaintiff thereupon sued out this writ, and assigned for error the ruling of the court below on the point reserved.

*Bennett* and *Guillou*, for plaintiff in error.—Is the payment of the money into court a condition precedent? We contend it is not. The case cited by the learned judge below (10 *Watts* 90) does not establish the point. The court held there that the readiness to pay was *alone* necessary: 10 *Watts* 139. The other party may relax the rule. The defendant, before and at the trial, refused to receive the money. Why should she have it in court when there was a certainty that it would not be accepted? 8 *Ser. & R.* 497. Plaintiff paid within the time stipulated.

The recent cases of McKean *v.* Wagenblast, not reported,

[D'Arras v. Keyser.]

and Henry v. Raiman, 1 *Casey* 354, settle this point. By supporting this verdict complete justice can be done to all parties. No writ of *hab. fac.* can issue without an order of the court (4 *Barr* 259); and the court would only allow the writ upon full evidence that the terms of the verdict have been complied with.

Time was not of the essence of this contract: *Story's Eq.* §§ 776–777; 5 *Watts* 512; 3 *Ser. & R.* 423; 5 *Id.* 323; 6 *Wh.* 528; 2 *P. Wms.* 66; 3 *W. & Ser.* 384; 3 *Watts* 188; 6 *Id.* 126; 5 *Binn.* 499; 1 *Par. Eq.* 93; 2 *Harris* 81; 3 *Id.* 429.

*Thorn* and *Johnston*, for defendant in error.—The provision in the lease was a mere *privilege*, which could be exercised only within the time or not at all. The plaintiff was not bound to take the premises. Could the defendant be deemed a trustee for an indefinite time? Was he always to be bound, and the other free? Time, though not usually of the essence in real contracts, may be made so by express stipulation, or by the circumstances attending the transaction: 2 *Harris* 149. Time will be always held material where there are not mutual obligations: 2 *J.* 97; 1 *Fonb.* 12; *Story's Eq.* § 176. There was no covenant by which D'Arras could be made liable; the chances of appreciation were all on his side; that of depreciation on that of defendant. This would make time essential: 4 *Bro. Ch. Rep.* 394; 1 *Fonb.*, book 1, c. 6, § 12, and note; 14 *Peters' Rep.* 174. If time was of the essence, the written agreement could not be changed by parol: 2 *Harris* 308.

The defendant was entitled to have the money brought into court. No future time could be fixed for the payment. He was entitled to have it when a verdict was rendered for the plaintiff. It is unlike a case in which the suit is brought to enforce the payment of purchase-money against a vendee in possession: 10 *Watts* 139; 3 *Ser. & R.* 432; 8 *Id.* 496.

Equity follows the law; and unless both parties are bound, and there is mutuality in the contract, specific performance will not be decreed. If both parties are not bound, there is no agreement: *Bat. Sp. Per.*, 67 *Law L.* 56–7; 9 *Harris* 50.

The opinion of the court was delivered by

WOODWARD, J.—Sylvester Keyser, the defendant in error, having purchased at sheriff's sale the land in controversy, as the estate of Auguste D'Arras, the husband of the plaintiff, made a written lease of the premises to the said Auguste on the 1st January, 1849, for the term of one year, at an annual rent of $180, payable quarterly. A covenant was introduced into the lease, which gave the said Auguste, or his present wife, the right to purchase said premises at any time within twelve months from the date of the lease, upon paying therefor $2575, and bound Keyser, on payment of that sum and all arrears of rent, to convey the title

[D'Arras *v.* Keyser.]

to them or either of them.   D'Arras continued in possession, and paid the rent till he died, and his wife, after his death, continued the possession and payments of rent until the 9th of October, 1852, when she tendered to Keyser the purchase-money and interest, and produced a deed ready drawn for him to execute.   According to the witness, he said he would have nothing to do with it, and left the room and went up stairs.

It does not appear that Mrs. D'Arras paid any rent thereafter, and on the 20th July, 1854, Keyser obtained the possession by virtue of proceedings under the landlord and tenant law, which, though mentioned, are not set forth in our paper-books.   She then instituted this action of ejectment to regain the possession, and on the trial the court permitted the jury to find for the "*plaintiff, on condition that during the present session of the court she pay the defendant the sum of* $2575, *with any interest that may be due thereon,*" but they reserved the point whether the non-payment of the money into court is not fatal to plaintiff's claim, and afterward set aside the verdict, and rendered judgment for the defendant on the point reserved.

This is the only error assigned upon the record.

The principle on which the court ruled the case was, that in an equitable action of ejectment the plaintiff, to be entitled to recover, must not only tender the money before suit brought, but must also have it in court, ready to be paid in the event of a verdict in his favour; and there is no question about the soundness of that principle: Gore *v.* Kinney, 10 *Watts* 139, and the cases cited.

But was it applicable to the facts of this case ?   Was this merely an equitable ejectment ?

The plaintiff was suing for a possession which had been delivered to her in pursuance of a contract which she had fully performed. She had not indeed obtained the legal title, but equity considers that done which ought to be done, and when she tendered the purchase-money and interest, equity would have compelled Keyser to convey the legal title.   Thenceforth she was no longer his tenant, but a purchaser in full possession, and, in contemplation of law, clothed with the legal title.   The proceeding which wrested that possession from her, though under the forms of law, was null necessarily, because long before it was instituted the relation of landlord and tenant had ceased to exist.   It was no better, as to its effect, than if the possession had been obtained from her by force or fraud.   Whilst a vendee who has never had possession must come into court prepared for full performance, a vendee to whom possession had been delivered in pursuance of the contract, who has tendered full performance, and then lost the possession without assent or agreement, may recover it without bringing the money into court.   This is the doctrine of many cases.   The facts are imperfectly stated in Bossler *v.* Niesly, 2 *Ser. & R.* 355, but

[D'Arras v. Keyser.]

the language of Chief Justice TILGHMAN clearly recognises the principle I have stated. He says, it is objected that the plaintiffs ought to have tendered the balance of the purchase-money and interest before they commenced suit. But supposing the law to be so in general, this case forms an exception, because, as it was submitted to the jury, we must understand that by the terms of the contract, possession was to be delivered before payment of the whole purchase-money, and was delivered accordingly; after which the plaintiffs were ousted. The plaintiffs then had the right of possession before payment of the purchase-money, and being ousted, had a right to recover the possession.

Harris v. Bell, 10 Ser. & R. 39, is full to the point. Here the vendee died in possession under articles of agreement, the purchase-money not having been fully paid, and the administrator, thinking the property was not worth what was due upon it, surrendered it to one Bricker, who the next day turned it over to the vendor. The only heir of the vendee brought this ejectment, and it was proved that prior to the institution of the suit, an offer was made to pay what was due upon the articles, which the defendant refused to receive, saying he would have taken it if it had been paid when it was due. The second point of defence taken was, that Harris, the vendor, had a right to retain the possession till the money was paid to him or brought into court, but this court held that, although he did not obtain the possession by force, yet he did so illegally ; that under the circumstances of the case he was a trustee of Mrs. Bell, and could not resist her claim to restoration of the premises ; that where the vendor puts the vendee in possession before payment of the money, and then forcibly regains the possession, or acquires it from the trustee of the vendee, quâ tenant, he is bound to restore it. I am aware that some of the observations of Judge DUNCAN in this case have been qualified in subsequent cases: see Griffith v. Dobson, 3 Penn. Rep. 228, and Judge ROGERS' remarks in Foster v. McDivit, 9 Watts 345; but as an authority for the principle for which I have cited it, Harris v. Bell has never been shaken, but, on the contrary, was cited with approbation by Judge KENNEDY, in Gregg v. Patterson, 9 Watts & Ser. 208, and by Judge HUSTON, in Dixen v. Oliver, 5 Watts 372.

These cases are sufficient to establish the proposition that a vendee once fairly in possession of land under articles of purchase, but ousted by illegal means, is entitled to recover in an action of ejectment without bringing into court the balance of purchase-money due upon the articles. The parties are restored to their contract relation, and all of their mutual remedies remain. The vendor may enforce payment of the purchase-money by an action of covenant on the articles or by ejectment; the vendee may compel conveyance of the title, by covenant or bill in equity for specific

[*D'Arras v.* Keyser.]

performance.   If there has been a tender of the purchase-money, as in this case, the vendor has only to execute the deed and take the money.

It follows from all this, that the conditional verdict was more favourable to the defendant than he had a right to claim.   The plaintiff was entitled to an unconditional verdict in her favour; but when the jury had adjusted the equities of the parties in a manner that seemed to them reasonable and just, and which was only too favourable to the defendant, the court should have sustained it, or at least should not have set it aside for the purpose of giving the defendant an absolute judgment.

It may be objected against these conclusions, that the purchase-money was not tendered within the time limited in the lease, and that time was of the essence of the contract.   Mere default in the payment of money at a stipulated time admits, in general, of compensation, and hence time of payment is seldom treated as of the essence of real contracts.   Parties may make it so by express agreement, but there is nothing on the face of this contract, or in the attending circumstances, to indicate the intention of these parties to make time essential.   The covenant for title was part and parcel of the lease, and the term fixed was one year, yet the lessees were permitted to hold over, and rent was received without objection.   From this the law would imply a renewal of the lease from year to year, and put the landlord to his notice when he meant to determine it.

It is not necessary to decide that the implied renewal of the term was an annual renewal of the covenant to sell, though it would be somewhat difficult to hold the lease renewed without renewing all the covenants it contained; but it is impossible to regard the year mentioned in the instrument as any more of the essence of the contract of sale than it was of the lease; and that it was not material to the lease is shown by Keyser's receipt of rent after the year had expired, and by his declarations as proved by Elizabeth Webb.   Construing the paper by the legal import of its terms, and the manifest understanding of the parties, we hold that delay of payment beyond the year stipulated may be compensated by interest, and did not work a forfeiture of rights.

Treating the conditional verdict as an equitable decree which the court ought to have carried into effect, we reverse the judgment, and enter judgment on the verdict, extending the time for the payment of the money therein mentioned to the first day of June next.