# Howard, Appellant, *v.* Murray.

*Ejectment—Deed—Covenants—Charge on land—Equitable powers of the court.*

In an action of ejectment where it appears that the plaintiffs' grandparents conveyed to plaintiffs' mother the land in controversy in fee, and that on the same day the grantee by a separate paper covenanted to leave her parents in possession during their lives, and to pay certain amounts of money to her brothers and sisters, the plaintiffs, as heirs of their deceased mother, are entitled to possession of the land as against certain persons in possession who are entitled to payments under the covenants of the plaintiffs' mother, and may maintain their action without any previous tender of the money due the defendants; but the court in directing a verdict for plaintiffs will make an additional order that no habere facias possessionem shall issue until plaintiffs pay into court, or to the defendants, the moneys due to the defendants.

Argued March 17, 1902.   Appeal, No. 381, Jan. T., 1901, by plaintiffs, from judgment of C. P. Bradford Co., May T., 1898, No. 141, on verdict for defendants, in case Henry A. Howard and Albert H. Howard v. John H. Murray, Jr., and Eliza Murray, Devisees of John H. Murray, Deceased, and Gordon W. Fairchild, Mary E. Fairchild and Ida M. Fairchild.   Before

MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Ejectment for land in South Waverly borough. Before NILES, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendants.

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendants.

*J. C. Ingham,* for appellants.—The plaintiffs are the owners of the land and the defendants have no title to or lien upon the same : Bortz v. Bortz, 48 Pa. 386.

The agreement was not a part of the deed and is not to be read into it because the deed on its face conveys an absolute estate in fee simple and makes no reference to the agreement.

This agreement is not under seal and thus lacks that efficacy, character and standing by which it can read itself into the deed.

A deed is necessarily an instrument under seal : 9 Am. & Eng. Ency. Law (2d ed.), 146 ; Duncan v. Duncan, 1 Watts, 322 ; Com. v. Wilbank, 10 S. & R. 416 ; Phelps v. Pittsburg, etc., Railway Co., 99 Pa., 108.

The doctrine of equitable liens does not prevail in Pennsylvania : Kauffelt v. Bower, 7 S. & R. 64 ; Bear v. Whisler, 7 Watts, 147 ; Hiester v. Green, 48 Pa. 100 ; Hepburn v. Snyder, 3 Pa. 72 ; Cook v. Trimble, 9 Watts, 16.

But even if the agreement should be read into the deed as though a part of it, yet there is nothing in either its letter or spirit that would impose any condition, charge or lien upon the estate granted to Ellen M. Howard by the deed that would be available to the defendants.

Ejectment will not lie to enforce the performance of a contract which is the consideration of a deed of conveyance : Cook v. Trimble, 9 Watts, 15 ; Krebs v. Stroub, 116 Pa. 405 ; Perry v. Scott, 51 Pa. 119 ; Bortz v. Bortz, 48 Pa. 382 ; Garver v. McNulty, 39 Pa. 473 ; Heacock v. Fly, 14 Pa. 540 ; Megargel v. Saul, 3 Wharton, 19 ; Harkins v. Doran, 15 Atl. Repr. 928.

The defendants cannot set up payments in which they are not interested : Brolaskey v. McClain, 61 Pa. 165.

The Fairchild's payment is not a defense in this case. The defendants have had their pay. The use of the premises by these defendants since the death of Sophia R. Murray has more than paid the $300: Wykoff v. Wykoff, 3 W. & S. 481; Ives v. Cress, 5 Pa. 121; Richards v. Elwell, 48 Pa. 366.

There should have been at least a conditional verdict: Wells v. Van Dyke, 109 Pa. 330.

*E. Overton,* with him *J. T. Corbin* and *J. W. Beaman,* for appellees.—The deed and agreement are to be construed together: Hamilton v. Elliot, 5 S. & R. 375; Bear v. Whisler, 7 Watts, 144; Westenberger v. Reist, 13 Pa. 597.

The deed construed with the agreement was a grant on condition: Patterson v. Robinson, 25 Pa. 81; Brunner's App., 47 Pa. 73 ; Quinn's App., 86 Pa. 452; Ringrose v. Ringrose, 170 Pa. 593.

The grantee is not entitled to possession until conditions are complied with : Gore v. Kinney, 10 Watts, 139; Orne v. Kittanning Coal Co., 114 Pa. 180; Dwyer v. Wright, 162 Pa. 405; Grove v. Hodges, 55 Pa. 504.

OPINION BY MR. JUSTICE DEAN, October 13, 1902:

This is an ejectment by plaintiffs to recover from defendants the possession of about thirty acres of land, in the borough of Waverly, Bradford county. Both parties claim title from the same source, Harris Murray, who, on June 5, 1861, conveyed the land by deed in which his wife Sophia joined, to Ellen M. Howard, their daughter; this deed was duly recorded August 1, 1861. The consideration named in it is $8,000; on its face, the deed purports to convey an estate in fee simple, free of any conditions. There accompanied it, however, a written contract, executed the same day, signed by Harris and his wife, the grantors, and Ellen M. Howard, the grantee, and her husband, Albert C. Howard, which stipulated that whereas the conveyance had been made to Ellen M. Howard, wife of Albert C. Howard, " Now be it known to all men that for and in consideration of the conveyance, the said " Howards do make and are bound by certain covenants: 1. That Harris Murray and his wife should have possession of the land during their lives and the life of the survivor of them, they paying the

taxes thereon. 2. That they, the Howards, should pay the debts of Harris Murray, to John H. Murray not exceeding $1,000. 3. That on the death of Harris Murray and wife, the Howards would pay to James S. Murray, trustee for Eliza D. Fairchild, $300; to James S. Murray $1,000; to Ellen M. Howard $600; to Anna S. Murray $400 and to Anna S. Murray $300 as a wedding present should she marry within ten years, and further should she not marry, she should have her support from the estate conveyed. 4. That the said Howards should pay to Harris Murray, the grantor, $400 for the repair and improvement of the estate conveyed; and further, that they, the Howards, should be relieved from the payment of the $1,000 to James S. Murray until James S. Murray had Harris Murray's land disharged from an incumbrance, incurred by Harris Murray having become surety for James S. Murray.

On June 6, 1861, the day following the date of the deed and contract, is this indorsement on the contract, "The within mentioned claim of John S. Murray has this day been settled by note," signed, Harris Murray.

All the parties to this suit, plaintiffs and defendants, are grandchildren of Harris Murray, the original grantor, and it is admitted whatever title Ellen M. Howard took by the conveyance from her father, June 5, 1861, has by proper conveyances, legal and formal on their face, passed to these two plaintiffs.

But defendants answer the legal title of plaintiffs by alleging, first, that it was obtained by fraud practiced by Ellen M. Howard and her husband upon the father, Harris Murray, in which fraud they were aided and abetted by the mother, Sophia Murray, and that it is, therefore, void. And second, that at best, taking the deed and contract, as they must be taken, as one instrument, it is a deed to become absolute, only on the performance of certain conditions by Ellen M. Howard and her husband, Albert C. Howard; that they have utterly failed to perform these conditions and, therefore, the grant based upon them fails and becomes of no effect.

The court below was of opinion that there was not sufficient evidence of fraud to warrant a submission of that question to the jury, and further, that there was undisputed evidence of long continued ratification of the deed and cotemporaneous

contract. The learned judge was further of opinion that the deed and contract of the same date constituted a deed upon conditions to be performed by Ellen M. Howard and her husband, Albert C. Howard, and that as they and those claiming under them had failed to perform all these conditions, the plaintiffs could not recover, he therefore directed a verdict for defendants.

Of this peremptory instruction to find for defendants, appellees specially complain as error. We do not think any of their other assignments call for special notice. We entirely concur with the views on them expressed by the learned judge of the court below. But the last two, the thirteenth and fourteenth, should be sustained. He sought to do equity between the parties, and it is not improbable, that our views of what is substantial equity between them, are the same. We think he adopted a wrong method to reach it and one which should not have been adopted in an ejectment on this deed. This transaction, in every aspect of it, was the settlement by the father of his estate on the family, including himself, wife, and to and among his children. He valued the property at $8,000, estimating a life occupation in himself and wife, which it stipulated for, at $4,000; he then divided the remaining $4,000 among his children and grandchildren, and directed that his daughter, the grantee, and her husband should pay it out to such of them in such sums as he directed. The day after the deed was accepted by the daughter, she and her husband did arrange to satisfy John H. Murray's $1,000; of course the amount given to her, $600, was paid by her acceptance of the deed; she paid to her father the $400 for improvements. There is no sufficient evidence that the $300 payable to Eliza Fairchild had been paid; nor perhaps was there any sufficient affirmative evidence, that James S. and Anna S. Murray had been paid; but neither they nor any one representing them are in possession, or are parties to this suit; no judgment in this issue would bind them. It is alleged that their interests are now owned by these plaintiffs; we do not know how that may be; they must be heard or have an opportunity to be heard before adjudication of their rights can bar their claim.

Eliza Fairchild, before the death of her mother, Sophia R.

Murray, went to live with and take care of her; after the mother's death she continued in possession and her children, three of the present defendants, continued in possession after her death; they can hardly be called mere intruders on the family property, but they are the only defendants who have set up a shadow of defense to plaintiffs' right of possession under the deed.

It is perhaps not necessary to define the exact legal character of the deed and accompanying contract, because the result is the same, whether it be a conditional deed, as interpreted by the court below, or conveyance of the land in trust for certain purposes; we think it the latter. The father, Harris Murray, conveyed the legal title to his daughter, Ellen M. Howard; the grantor and his wife were to have possession during their joint lives and the life of the survivor of them; this they had, making an occupancy of about thirty-one years; in addition $4,000 was to be paid to certain other members of the family; this was putting the legal title in Ellen M. Howard in trust; the legal title carried with it dominion over the property. Behind it lay beneficial rights to others, and these constitute a charge upon the property which courts of equity will enforce and protect. See 2 Story's Equity, sec. 964, and 4 Kent, 301–313. The court below was mistaken in holding that the plaintiffs, as preliminary to a recovery of possession, must show payment or tender even to the Fairchilds of the $300 to be paid to their mother by Ellen M. Howard or those claiming under her. True, under the deed, the property is pledged for the payment of the different sums to the several beneficiaries; but that does not suspend the dominion over it by the holders of the legal title. The distinction between the holder of a legal title and equitable seeking possession by ejectment is well settled; the holder of the legal title need not pay nor tender before bringing his action; the equities between him and defendant can be adjusted at the trial, either by paying the money into court, or by a conditional verdict. The substance of all the authorities is, that as in an equitable adjustment the chancellor has full power over the costs, as well as authority to make all necessary orders to work out the equities of both parties; the rule of preliminary payment or tender, as in an action of covenant before suit brought, will not

be enforced: Gore v. Kinney, 10 Watts, 139, and many cases following it: So here, while plaintiffs have not paid or tendered the representatives of the Fairchild interest, the sum Ellen M. Howard undertook to pay, that was not sufficient to warrant the court in peremptorily directing a verdict against plaintiffs. But as before noticed, the Fairchilds are in possession of the property subject to the payment of the $300 to their mother; they are not intruders; they got into possession for a proper purpose during the lifetime of Sophia R. Murray; they will be intruders if they persist in retaining possession after plaintiffs have paid to them or into court all that was payable to their mother by deed of Harris Murray.

We think the verdict should have been directed for plaintiffs, no habere facias possessionem to issue until plaintiffs paid into court or to those legally entitled to receive the same, the amount which by deed and contract of June 5, 1861, Ellen M. Howard and her husband contracted to pay to Eliza D. Fairchild.

It is therefore directed that the judgment be reversed venire facias de novo awarded, verdict to be entered in favor of plaintiffs against defendants, not to be enforced, however, against the Fairchilds except under the order of the court below, which it is directed shall make all such orders and decrees as it may deem proper to enforce our judgment in accordance with this opinion.