Lessee of John Minsker and Ludwig Bale *against* James Morrison.

In ejectment under an agreement for the purchase of lands, the vendor may by his own act dispense with the tender of bonds, but the vendee must bring the consideration money into court, before he can obtain a verdict.

The plaintiff claimed under articles of agreement between the parties, dated 22d January 1794.

The defendant thereby granted, bargained and sold to Minsker and Bale, a tract of 160 acres of land and allowance, in Londonderry township, with the grain then in the ground, in consideration of 430*l.*, whereof 30*l.* was to be paid down, and bonds with good security to be given for the residue; viz. 200*l.* payable on the 1st April 1794, 100*l.* on the 1st April 1895, with interest from the 1st April 1794, and 100*l.* on the 1st April 1796, with like interest. The defendant covenanted on execution of the bonds to convey the lands on the 1st April 1794, deliver them peaceable possession, and to give bond with security for making them a good title. On the day of the date of the articles, 30*l.* was paid to the defendant.

The plaintiff's unwritten evidence was as follows. Towards the latter end of March 1794, Minsker and Bale called on the defendant and told him they had brought him 100*l.* and had the promise of the remaining 100*l.* in eight or ten days. He answered them it made no odds, as he was not then ready to receive the money, and desired them to wait till after his vendue, which was advertised to take place on the 2d April, and he would then have the title prepared for them.

They called again twice at his house with the 200*l.* in April, but did not find him at home. About the 20th of the same month, they came there again with the money, and hearing that he was at the house of a neighbor, went there also, and told him his cash was ready for him. The defendant refused to receive it, as not being offered on the 1st April, and then on being pressed to repay back the 30*l.* which he had received, said he would retain that sum as damages; on which they commenced an ejectment, without tendering the bonds, though they had before engaged a sufficient person as their security.

Messrs. Montgomery and Fisher for the defendant, moved that the plaintiff should be nonsuit, because it did not appear that the purchasers had tendered the two bonds with security for the remaining payments.

Where damages cannot be recovered on an agreement at law, specific execution will not be decreed in equity. 1 Equ. Ca. Ab. 15, pl. 1. Sel. Cha. Ca. 67, 69. Ambl. 406. Sed vide 2 Wms.

243.  2 Vern. 480.  1 Ld. Ray. 515.  2 Fonbla. 140.  The party must show that he has done all that was to be performed on his part.  2 Pow. on Contracts, 19.  A agreed to sell B his estate for a certain sum, before a particular day, in consideration whereof B agreed to pay that sum on the day, and on failure, to pay 21*l.*  Held, that they were dependent covenants, and that A could not recover the 21*l.* without showing a conveyance on his part, or a tender of it.  4 term Rep. 761.

The court refused the motion.  The defendant may, by his own act, dispense with this tender.  Evidence has been given that it was not insisted on or expected.  The first 30*l.* had been paid when the articles were perfected.  Before the second payment became due, 100*l.* was offered to the defendant, but he declined accepting it, desiring them to wait till after the vendue.  It was incumbent on him afterwards to show his readiness to receive the second payment.  But the purchasers afterwards tender him this 200*l.* and he then absolutely refuses to make the title, merely because it was not offered to him on the 1st April, and even refuses to pay back the 30*l.*  " The party must show he was ready, but if the other stops him on the ground of an intention not to perform his part, it is not necessary for the first to go further, and do a nugatory act. "  Doug. 694, (2d edit.)

The counsel then insisted, that the residue of the purchase money, and interest thereon, should be brought into court, before the plaintiff should be permitted to go on with his cause.  This court will not administer equity by halves.

Messrs. Clymer and Hopkins for the plaintiff.  It will hardly be pressed, that interest is chargeable on the 200*l.* tendered.  If a vendee has been kept out of possession by the default of the vendor, he shall not pay interest on the purchase money.  3 Atky. 637.  A party not having performed his agreement precisely at the time stipulated, is not a sufficient ground for a court of equity to refuse its assistance.  1 Atky. 12.  It is not understood to be the practice in Pennsylvania, to lodge the money in such cases in court.  In a late case at York, during the last spring circuit, before Shippen and Yeates, justices, between the lessee of Danie Gelwix and William M'Donald and Armstrong Caruthers, the plaintiff was not constrained by such riged rules.  On his execu ting an engagement, that no execution should issue, till the money due was paid, and satisfactory security given for the remainder, he obtained a verdict.

Yeates, J.   That case, as far as I can recollect, was very differently circumstanced.   There the great question was, whether a prior voluntary deed from a father-in-law, or subsequent articles of agreement with a third person, with the knowledge of the son-in-law, should be carried into execution.   A complete tender of the money due under the articles, and also of bonds with satisfactory security for the residue was proved, before the commencement of the suit.   The payment of the money into court was not insisted on by the adverse counsel, though it was expressly stated in the charge that it ought to have been done.   But the validity of the prior deed was chiefly insisted on by the defendants, though there appeared many suspicious circumstances against it.

The plaintiff's counsel added, we are willing to come into any terms that may be deemed just or equitable.   We will ask for neither judgment nor execution, till the whole of the money due under the court's opinion, shall be fully paid, provided the verdict goes for our clients.   If the money is not paid on the return of the postea, we will agree·to enter a non-suit.   At present, the plaintiff is unprepared.

The court declared their opinion, that the Supreme Court, and the several Courts of Common Pleas, had an implied limited chancery jurisdiction, under the words of the Constitution, (Art. 5, sect. 6.   3 Dall. St. Laws, XXX,) that " besides the powers heretofore usually exercised by them," they should have the powers of perpetuating testimony, &c.   But this authority was to be used with sound discretion, and the intervention of a jury was indispensably necessary according . to the adopted practice.   In courts of equity, a decree to convey under an agreement is uniformly accompanied with the payment of the purchase money.   Until the conveyance is made or supposed to be made, the vendee has no legal right to recover in ejectment.   Whenever the interposition of Chancery is asked for, it will oblige the applier in all cases to do the fullest justice.   " He who seeks for equity must also do equity himself."   On an agreement the plaintiff must not only show that he was in no default, in not having performed his part, but must also allege that he is still ready to perform it.   1 Fonbla. 383. The general rule therefore clearly must be, that the purchaser who seeks for redress under articles, must bring his money into court, in order to show his readiness to perform 'his contract. The adversary however may, if he pleases,. modify or relax the rule.

The further hearing of the cause was adjourned until the afternoon, to give the lessors of the plaintiff an opportunity of bringing in the money; and again until the following morning for the same purpose; but they not being able to effect it, the plaintiff suffered a nonsuit, the court reserving the point, in case his counsel should think proper to move it in bank.

The defendant under the courts recommendation, entered into an agreement to repay the 30l. and interest, to the lessors of the plaintiff on the 22d December following.