# Bell et al. *versus* Clark.

Where a vendee under articles of sale, who by their terms is entitled to immediate possession of the premises, takes possession but fails to pay the purchase money within the time fixed for payment by the articles, the vendor may, after such time has expired, re-take possession if he can obtain it peaceably, and if he do so, the vendee cannot recover from him in ejectment without paying or tendering the purchase money.

October 27th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the court of Common Pleas No. 1, of *Allegheny county:* Of October and November Term, No. 66.

Ejectment by Adeline Clark against James H. Bell and Mrs. L. Coulter to recover a tract of land situated in Robertson Township, Allegheny County. On April 1st, 1870, Adeline Clark and her husband Benjamin made a deed for the premises to James H. Bell. On the 1st of July of the same year, Bell and Mrs. Clark entered into an agreement under seal whereby the former agreed to sell to the latter the same premises for the consideration of $732.48 with interest payable in two years from the date of the agreement, Mrs. Clark to have possession of the premises immediately and on payment of the purchase money, Bell to make and deliver to Mrs. Clark a deed for the premises. Sometime after the expiration of the two years allowed for payment, Mrs. Clark not having paid

[Bell *v*. Clark.]

any of the purchase-money, Bell finding the premises vacant, entered into possession by putting in a tenant, Mrs. Coulter.

STOWE, P. J., refused to enter a nonsuit and instructed the jury to find for the plaintiff. Verdict accordingly for six cents damages and costs, and judgment thereon.

The defendant took this writ assigning as error (1) the overruling of the motion for a nonsuit; (2) that the court did not submit the case to the jury; (3) that the court gave a binding charge to find for the plaintiff.

*E. Edgar Galbreth*, for plaintiff in error.—In Pennsylvania an action of ejectment brought by a vendee against his vendor under articles of sale, is equivalent to a bill for specific performance: Rennyson *v*. Rozell, 106 Pa. St. 412; and a vendee cannot enforce specific performance without having paid or tendered the purchase-money before bringing suit: Vincent *v*. Huff, 4 S. & R. 298; Brindle *v*. McIlvane, 7 id. 345. Hence he cannot maintain this action without payment or tender.

The effect of the judgment below is to cause a multiplicity of suits, for if the plaintiff below should be put into possession, Bell would have to bring ejectment to recover the purchase money, or the plaintiff file a bill to compel a conveyance or payment of the purchase-money. A wrong doer with title cannot be compelled to make restitution by an action of ejectment: Prutzman *v*. Ferree, 10 Watts 143.

*John R. Large, contra.*—The agreement was not a real naked agreement to sell, but an agreement of sale absolute, with immediate possession to be given to the defendant in error. There is no condition in the article which would justify Bell in taking forcible possession of the premises because of the non-payment of the purchase-money.

Mr. Justice GORDON delivered the opinion of the court, January 4th, 1886.

This was an action of ejectment brought by Adeline Clark, plaintiff below, against James H. Bell and Mrs. L. Coulter, defendants. The plaintiff's title is founded on certain articles of agreement, dated July 1st, 1870, by which the said James H. Bell covenanted, on payment of the sum of $732.48, within two years from the date of the said agreement, to convey by a good and sufficient deed, to Adeline Clark, the premises therein described, and in the meantime she was to have the possession thereof. This possession she seems to have maintained, by her tenants, until about four years before the bringing of this suit. Whether she received any rent is doubtful, certain it is she paid no purchase-money, nor, so far as we can

[Bell *v.* Clark.]

gather from the evidence, did she provide for the taxes, insurance, or repairs : all these were paid by Bell. Thus matters stood until about five years ago, when the defendant, finding the premises vacant, rented them to Mrs. Coulter, who has continued to occupy them until this present time. Under these circumstances, it cannot be said that in thus resuming dominion over the property the vendor was guilty of either a fraudulent or unlawful act.

Some eight years after the purchase-money was due, he quietly, and without protest or obstruction on part of the plaintiff, re-possessed himself of these premises, and now, some twelve years after the time when she, the plaintiff, covenanted to pay that purchase-money, and without either payment or tender thereof, she brings this her action of ejectment, and is allowed in the court below to recover an unconditional verdict against her vendor. This was altogether inequitable, and should not have been permitted. Had the defendant obtained possession by force or fraud, doubtless, as was held in D'Arras *v.* Keyser, (2 Ca. 249,) Mrs. Clark might have recovered in ejectment, and that without a tender of the purchase-money. But as the case stands, the doctrine stated does not apply. Bell having, in a peaceable manner, assumed possession of the property when neglected, and apparently abandoned by his vendee, had a right to retain that possession until a tender was made of the purchase-money with its accrued interest. The principle here stated is an equitable one, and was adopted by this court as early as the case of Minsker *v.* Morrison, (2 Yeates 344,) and has been steadily adhered to through Gore *v.* Kinney, (10 Watts 139,) and many other cases, down to the present time. The rule may be stated thus :—Where the possession of the vendor is lawful, his vendee cannot maintain ejectment against him without proof of a previous tender of the purchase-money, and he must also maintain that tender by producing that money in court. Until he has thus put his vendor in default, he has no cause of action, nor can he demand a verdict conditioned on his subsequent payment of the purchase-money, for that would enable him, by a refusal to comply with such verdict, to harass the owner of the legal title to no purpose, and to escape the result of his own experiment. We do not by this mean to say that there are not cases of the kind mentioned, where a conditional verdict may be had, because equity does not willingly adopt unbending rules, and circumstances may make such a verdict necessary in order properly to adjust the rights of the parties. The case in hand, however, does not seem to us to be one of this character. The purchase-money is all due and unpaid, and even the rent received by the vendor seems to have been

consumed by taxes and repairs; as a consequence he cannot be called upon to account for such rent as an offset against any part of the purchase-money, hence, she is not entitled to a verdict of any kind.

The judgment is reversed.