# Nelson Morris, Plff. in Err., *v.* George O. Shakespeare.

Parol evidence is admissible to prove false and fraudulent representa-

NOTE.—It is competent to show that the lease was executed by reason of fraudulent representations. Wolfe v. Arrott, 109 Pa. 473, 1 Atl. 333; Harvey v. Gunzberg, 148 Pa. 294, 23 Atl. 1005; Sacks v. Schimmel, 3 Pa. Super. Ct. 426, 39 W. N. C. 452. But the representation must be false or fraudulent (Wilcox v. Palmer, 163 Pa. 109, 29 Atl. 757); and without knowledge on the part of the lessee (Hess v. Weingartner, 5 Pa. Dist. R. 451, 12 Montg. Co. L. Rep. 105, 2 Lack. Legal News, 228).

tions made by the lessor to his lessee, at the time of the signing of the lease, which were relied upon by the lessee, and by which he was induced to execute the lease.

When, however, the lease is under seal, the evidence must be such as would have justified a chancellor, if the proceedings had been in equity, in entering a decree for the cancelation of the contract.

S. leased "a certain refrigerator property" to M., who covenanted not to "use or occupy the same other than as a refrigerator for the storage of dressed beef." M. paid part of the rent. In an action for further rent alleged to be due, an affidavit of defense was held to be sufficient, which alleged that at the time of making the lease, S. represented to M. that a *certain railroad siding was appurtenant to the refrigerator building, and belonged to and went with it*; that he, S., owned the ground and laid the track for the use of the building; that if M. leased the building, he would have the siding also; that a building is useless for refrigerator purposes without such a siding; that M. relied upon these representations, and was induced by them to accept the lease; that these representations were false and fraudulent, and so known to be by S. who had previously sold and conveyed this siding to third parties who refused to allow M. to use the same; that the part of the rent paid by M. had been paid in ignorance of the fact that the said representations were false and fraudulent, and on ascertaining that fact he had given notice to S. and abandoned the property.

(Argued January 12, 1888. Decided February 6, 1888.)

July Term, 1887, No. 57, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to Common Pleas No. 3 of Philadelphia County to review a judgment in favor of plaintiff for want of a sufficient affidavit of defense in an action of covenant. Reversed.

This was an action by George O. Shakespeare against Nelson Morris, on a lease made by plaintiff to defendant of certain real estate situate in Reading, Pennsylvania. By the lease, dated March 25, 1885, the plaintiff leased to the defendant "all that certain refrigerator property situate, etc. . . . for the term of two years from the 28th day of February, 1885, at the rent of $300 per annum, to be paid monthly on the 28th day of each and every month, the first payment thereof to be made on the 28th day of March, 1885; and said lessee doth hereby agree . . . that he will not assign this lease, nor underlet the said premises or any part thereof, or use or occupy the same other than as a refrigerator for the storage of dressed beef." The remainder of the lease was in the usual form, and it was executed under seal.

The plaintiff filed a copy of the lease, and an averment that there is now due from the said defendant, Nelson Morris, under the terms and conditions of the said instrument of writing, as and for the rent therein promised to be paid, the sum of $300, with interest, being one year's rent of the premises therein described, from November 28, 1885, to November 28, 1886, the defendant having paid the rent therein reserved from February 28, 1885, to November 28, 1885.

The defendant filed an affidavit of defense wherein he alleged:

"That he was induced to execute and accept said lease under the untruthful and fraudulent representations of the plaintiff made to his, deponent's, agent, Thomas Hoopes, for the purpose of being communicated to him, and which were communicated to him by the said Hoopes, that a certain railroad siding which the said plaintiff then had alongside the said refrigerator building on the said demised premises, and which formed part of the said property, and without which it would be useless to deponent for the purposes for which he was leasing the said property, as the plaintiff then very well knew, passed with the said lease as part and parcel of the said demised premises, and that deponent if he took said lease would have the exclusive right of using the same for the purposes of his business.

"That, relying on the truth of these representations, deponent did accept and sign said lease; whereas, in truth and in fact the said plaintiff had, as he very well knew at the time of making said statements, previously sold and conveyed to the Northeastern Planing Mill Company the land on which the said siding stood, with the sole right of using said siding; and when defendant, after accepting said lease, attempted to use said siding, he for the first time learned of this previous conveyance, and was forbidden and prevented by the said company from using and enjoying said siding, whereby the said premises became and were of no value to deponent.

"That by reason of this fraudulent action and misrepresentation of the plaintiff there has not only been an entire failure of the consideration for said lease; but defendant has also sustained thereby serious damage, which he claims to defalk and set off against plaintiff's claim, and will at the trial insist on a certificate for the amount of said damage so due and owing by the plaintiff to him as aforesaid."

The plaintiff then took a rule for judgment for want of a sufficient affidavit of defense.

Upon the argument of this rule the court intimated that it did not clearly appear by the affidavit whether or not the siding was on or formed part of the demised property, and ordered a supplemental affidavit to be filed.

Thomas Hoopes, an agent of the defendant, then filed a supplemental affidavit averring:

"That the said Nelson Morris was desirous of procuring a refrigerator building for the storage of dressed beef in Reading, for the purpose of his business, and had been in communication with the plaintiff, who owned such a building, with a view of leasing it from him. He finally directed deponent to visit the building and ascertain and report to him whether it was suitable for such a purpose before leasing it. Deponent in pursuance of these orders called upon the plaintiff and in company with him they visited the property.

"It is essential that a building to be used for those purposes should have a railroad siding from which to unload beef directly from the cars; without such a siding it would be useless. Deponent found on examination that the building was suitable in all respects, and that there was alongside it, running the whole length of the building, a railroad siding, located about four feet from the wall, with communication to the building through doors in the wall, and manifestly laid for the purposes of the building, enabling beef and ice to be unloaded directly from the cars when run on the siding into the house.

"This siding was laid from the tracks of the Philadelphia & Reading Railroad Company. I inquired of the plaintiff whether this track belonged to and went with the building, and in reply he said to me that it did; that he owned the ground on which it was laid, adjoining the refrigerator building; and that he had laid the track at his own expense for the use of the building; and that the track went with the lease of the building.

"We went out and examined the siding together, and then Shakespeare again assured me, in response to my questions, that the siding was his—and went with the lease of the building; and that if Mr. Morris leased the building, he would have the siding also; and we discussed together the use of the siding for unloading beef and ice into the building.

"On the strength of these representations I wrote to Mr. Mor-

ris that the house was suitably located, and in condition to handle beef—and thereupon Mr. Morris executed the lease in Chicago, it having been prepared and sent out to him by Mr. Shakespeare, and sent it to Shakespeare.

"Mr. Morris made no attempt to use the building until November, 1885, but in the meantime paid his rent.

"In November, 1885, under Morris's orders, I went to Reading for the purpose of starting the said building in use, and put in parties to handle our beef. I then found the tracks covered with lumber; and, on inquiring, learned that previous to my interviews with Shakespeare and the execution of the lease he had sold the land on which the siding was laid to other parties, and at the time in question had no right whatever to the said siding. On my attempting to run the siding, I was prevented by these parties, who required it exclusively for themselves, and forbade me to use it.

"In consequence of this, the building was utterly useless to us, and, on my informing Mr. Morris, which I did at once, he declined to pay any further rent for the building, and I immediately so notified Mr. Shakespeare, giving him the reasons as above. Since then the defendant has not been in possession of the said building or in any way made any use of the same."

The court thereupon without filing an opinion entered judgment for the plaintiff, for want of a sufficient affidavit of defense, and the damages were assessed at $306.90.

The assignment of error specified the entry of judgment for the plaintiff below against the defendant below, for want of a sufficient affidavit of defense.

*George P. Rich* and *Mayer Sulzberger,* for plaintiff in error. —Evidence of the parol promise set up by the defendant and on which he bases his defense is admissible, under the adjudged cases in Pennsylvania. Hoopes v. Beale, 90 Pa. 82; Weaver v. Wood, 9 Pa. 222; Powelton Coal Co. v. McShain, 75 Pa. 238; Shughart v. Moore, 78 Pa. 469; Graver v. Scott, 80 Pa. 88; Lippincott v. Whitman, 83 Pa. 244; Juniata Bldg. & L. Asso. v. Hetzel, 14 W. N. C. 431; Phillips v. Meily, 106 Pa. 536; Brown v. Morange, 108 Pa. 69; Wolfe v. Arrott, 109 Pa. 473; Walker v. France, 112 Pa. 203; Thomas v. Loose, 114 Pa. 35, 6 Atl. 326; Cullmans v. Lindsay, 114 Pa. 166, 6 Atl. 332.

Had no supplemental affidavit been filed at all, this court, if it appeared by the affidavit that was filed that a good defense probably existed, although not sufficiently averred, would, following the practice in Vulcanite Paving Co. v. Philadelphia Traction Co. 115 Pa. 280, 8 Atl. 777, itself have permitted a supplemental to be filed, by sending the case back to the court below with directions to "enter judgment against defendant as to right and justice may belong, unless other legal or equitable cause be shown to said court why such judgment should not be entered."

*James H. Shakespeare,* for defendant in error, presented no paper book.

OPINION BY MR. JUSTICE CLARK:

In the affidavit of defense filed in this case by Thomas Hoopes, with whom, as the agent of the defendant, the terms of the contract in suit were arranged, it is explicitly set forth that the plaintiff represented to him at the time that the railroad siding was appurtenant to the refrigerator building; in the words of the affidavit that it "belonged to and went with the building," that he owned the ground and laid the track at his own expense, for the use of that building, and that the track went with the lease; that "if Mr. Morris leased the buildings, he would have the siding also," etc.

It is further set forth that a building would be useless for refrigerator purposes, without a railroad siding, and that upon the strength of these representations, on part of the plaintiff, he notified Mr. Morris that the house was suitably located for the handling of beef. Mr. Morris states that these facts were fully communicated to him by Hoopes, his agent, and that he was thereby induced to execute the lease; that the representations were false and fraudulent, and the plaintiff, at the time of making them, knew them to be false, as he had previously sold and conveyed the ground upon which the siding was located, together with the sole and exclusive use thereof, to other parties; that he was ignorant of the fraud which had been practised upon him, until in the month of November, 1885, when he, for the first time, undertook to use the leased premises and the siding, for the purposes designated in the contract and was prevented from so doing by the parties to whom the siding had been transferred.

It is further set forth in the affidavit that due notice was given to the plaintiff, and the possession was then and from thenceforth wholly abandoned. The rent, it is admitted, was all paid up to the 28th of November, 1885, this suit being brought for rent accruing subsequently to that date.

Assuming all these facts to be true, we are clearly of opinion that a substantial defense is exhibited, and that the judgment for want of sufficient affidavit should not have been entered. A reference to the cases of Hoopes v. Beale, 90 Pa. 82; Bell v. Clark, 111 Pa. 92, 2 Atl. 80; and Cullmans v. Lindsay, 114 Pa. 166, 6 Atl. 332, is sufficient to indicate the ground upon which this opinion is based.

It is true the effort of the defendant is to set aside a contract under seal, and the evidence must be sufficient to justify a chancellor, if the proceedings were in the equity forms, in entering a decree for a cancelation of the contract, but with this we have now nothing to do; that question will arise in the further progress of the cause. The affiant says he expects to be able to prove the facts alleged; we cannot anticipate either the manner or the measure of the proof which he may make. It is sufficient for us now that the facts alleged in the affidavit, if sufficiently proved, constitute a good defense.

The judgment is reversed and a *procedendo* awarded.