## STEWART v. McLAUGHLIN.

1. The holder of a certificate of purchase of state land, which recited that the purchaser, his heirs or assigns, would be entitled to a patent upon surrender of the certificate and payment of the balance due on the purchase price with interest, deposited the certificate with defendant, to whom he had given his note, and signed a memorandum that, if he should fail to pay the note, the certificate should be assigned to defendant, and afterwards conveyed the premises in trust to secure the payment of a note to plaintiff, who had notice that defendant held the certificate as security for his note. On default in payment of plaintiff's note the trustee sold the premises to plaintiff, after which the certificate was assigned to defendant, who had notice of the trust deed and sale thereunder, and to whom a patent was issued. *Held,* that defendant held his title in trust for plaintiff, but that plaintiff could enforce a conveyance only on payment of defendant's demand.

2. In an action to compel a conveyance of land, where plaintiff obtains a decree which also establishes an equity in favor of defendant not recognized in the complaint, the costs should be borne by the parties equally.

*Appeal from District Court of Pueblo County.*

The facts are stated in the opinion.

Messrs. George Q. Richmond and Patton and Urmy, for appellant.

Messrs. John M. Waldron and C. E. Gast, for appellee.

Rising, C. This action was brought by McLaughlin against Stewart to obtain a decree requiring said Stewart to convey to said McLaughlin, by a good and sufficient deed, all the right, title and interest held by said Stewart in and to lots 8 and 9, in block 6, and lot 8, in block 10, in the state addition to the city of Pueblo, upon the payment by McLaughlin to Stewart of such sum of money as the court should determine that Stewart is equitably entitled to receive. Upon trial the court decreed that McLaughlin is entitled to a good and sufficient conveyance of the premises in controversy from Stewart, upon the payment to him of the sum of $909.73 by McLaughlin, and that Stewart make such conveyance; and that upon his refusal so to do the clerk of said court, acting as commissioner, make, execute and deliver such deed upon such payment being made. From the decree Stewart appealed, and McLaughlin appealed from so much of said decree as required him to pay said sum of $909.73 to said Stewart, as a condition precedent to his right to the conveyance from Stewart as provided in said decree. On the 15th day of April, 1880, the state of Colorado being the owner of the premises in controversy, the state board of land commissioners sold the 'same to one John Lynch for the sum of $235, and on said date Lynch paid thirty per cent. of the purchase price; and, on the 19th day of May, 1880, received from said board a certificate of such sale, which certificate recited, among other things, that said Lynch, his heirs or assigns, would be entitled to a

patent from the state to said premises upon the surrender of said certificate and the payment of the balance of said purchase money and interest. On the 23d day of February, 1882, Lynch conveyed the premises in controversy, by deed, to Charles Kretschmer in trust, to secure the payment of his promissory note for $1,800, bearing even date with said deed, made and delivered to said McLaughlin, and due one year after date, which said deed was filed for record on said day; and thereafter, upon said note becoming due and remaining unpaid, said Kretschmer, as such trustee, at the request of said McLaughlin, proceeded to advertise for sale, and to sell, said premises in accordance with the provisions of said trust deed, for the purpose of paying said note, at which sale said McLaughlin became the purchaser of said premises, and to whom said trustee made a trustee's deed for the same on the 5th day of May, 1883, which deed was filed for record on the 7th day of May, 1883. The certificate of purchase was filed for record on June 16, 1882, and on May 5, 1883, and after the sale of said premises under said trust deed Lynch assigned said certificate to Stewart, to whom a patent to said premises was issued by the state on May 7, 1883. There is evidence tending to show that, prior to the purchase of said premises by Lynch, Stewart agreed with him to let him have the sum of $750 to make said purchase and improve said premises; that on the day Lynch purchased said premises Stewart let him have $250, and about a month after let him have the further sum of $500, and that Lynch at that time gave Stewart his note for $750, and to secure its payment deposited with Stewart the certificate of purchase of said premises; and at the same time a written memorandum was made, stating that Stewart had loaned Lynch $750, for which Lynch had deposited said certificate with Stewart, and that if Lynch should fail to pay the note for $750, the certificate and a certain lease should be assigned to Stewart, which memorandum was signed

by Lynch and Stewart, and given to a Mr. Canning to hold for them, and that the assignment of said certificate by Lynch to Stewart on the 5th day of May, 1883, was made in carrying out the conditions of said written memorandum.   There is also evidence tending to prove that McLaughlin, prior to his taking the trust deed from Lynch, had actual notice that Stewart held the certificate of purchase as security for money loaned to Lynch.

A careful examination of the evidence leads us to conclude that it is sufficient to support the decree rendered, in so far as the decree is assailed by appellant or appellee. The claim of appellee is that appellant holds the legal title to the premises in controversy as trustee in trust for him, as grantee of all of Lynch's equitable interest therein.   Under the equitable rule that treats the vendee in an agreement to convey real estate as the owner of the land, and the vendor as the holder of the legal title in trust for the vendee, Lynch must, after the purchase from the state, be considered as the owner of the premises, with the legal title thereto outstanding in a trustee. It is apparent from the provision of the decree making the conveyance of the premises to appellee by appellant dependent upon the payment by appellee to appellant of the sum of $909.73, that the court found that appellant had an equity in said premises, and that such equity was superior to appellee's right to demand a conveyance of the legal title by appellant.   It is claimed by appellant that, he having such equitable interest in the premises, and having acquired the legal title thereto, the trust raised by the transaction between Lynch and the state has been executed, and therefore this action by appellee cannot be maintained.   It is true that the trust created by the relation of vendor and vendee was executed by the issuance of the patent to Stewart; but it seems clear to us that appellee, as purchaser of the premises in controversy, at a sale thereof under the provisions of the trust deed, and by virtue of the deed made to him as such

purchaser, became vested with all the interest Lynch had in the premises under said certificate of purchase, and that thereupon appellee became the equitable owner of said premises, so that, had Lynch acquired the legal title thereto, he would have held such title as trustee for the use of appellee. *Jarvis v. Dutcher*, 16 Wis. 326, 334. As appellant, at the time he obtained the certificate of purchase by assignment from Lynch, had actual notice of the trust deed to appellee, and of the sale of the prem ises thereunder, and the conveyance thereof by the trustee to appellee, he took such assignment burdened with the trust resting upon his assignor.   This being so, an action may be maintained for the enforcement of such trust.

We now come to the consideration of the questions raised by the cross-appeal.   It is contended by the appellant McLaughlin, in this appeal, that the deposit of the certificate of purchase with Stewart by Lynch, to secure the payment by Lynch of his note to Stewart for $750, taken in connection with the written agreement by which Lynch agreed to assign said certificate to Stewart in case Lynch should fail to pay said note, did not create an equitable lien upon the premises therein described, and that, if it did, such lien was inferior to the lien created by the trust deed.   It is contended by appellee, in the cross-appeal, that the facts of the case create an equitable mortgage by the deposit of title papers, and show that appellant had actual notice of such mortgage, and appellee claims that appellant is bound by such notice to the same extent as he would be by notice of any unrecorded mortgage.   We do not think the question, whether an enforceable equitable mortgage may or may not be created by the deposit of title papers, is necessarily involved in the determination of the question raised by the cross-appeal, and, without passing upon such question, shall rest our decision upon other principles. The fact that Lynch did deposit the certificate of purchase

with Stewart, as security for the payment of his note, cannot be wholly ignored. Such deposit was for some purpose, and means something. Stewart, by the possession of the certificate of purchase, in connection with the agreement by Lynch to assign the same upon the failure to make payment of his note, acquired an equity which is equal to the equity of McLaughlin, and is prior in point of time. Pom. Eq. Jur. § 684. The equity so acquired constituted a lien on the premises described in the certificate, valid and enforceable against Lynch. Id. § 1266. Whether, under the statute of frauds, such lien could have been enforced against appellant in the cross-appeal as a prior equitable mortgage, had Lynch obtained the legal title to said premises, we do not decide. Lynch, at the time he conveyed the premises to appellant in the cross-appeal by trust deed, had but an inchoate title to such premises, and it is a principle of equity that he who purchases an imperfect or inchoate title must stand or fall by the case of his vendor. *Kramer v. Arthurs*, 7 Pa. St. 165, 170; *Sergeant v. Ingersoll*, id. 340, 345; *Shirras v. Caig*, 7 Cranch, 34, 48. The outstanding legal title having been obtained by appellee in the cross-appeal, his prior equity, of which appellant had notice, is protected by such legal title. *Russell v. Petree*, 10 B. Mon. 184. The appellant in the cross-appeal, having an imperfect or inchoate title, to perfect his title must proceed in equity, and, before a court of equity will come to his aid, it will require of him that he recognize the prior equity of the holder of the legal title, upon the principle that he who seeks equity must do equity, and upon this principle the decree herein should be sustained. It will be perceived that we have stated, as one of the facts upon which our holding rests, that appellant, in the cross-appeal, had notice of the prior equity of appellee at the time of taking the trust deed; but we do not intend, by such statement, to be understood as holding that proof of actual notice is necessary to authorize

the court to hold that such equity is protected by the acquirement of the legal title in such cases. That question is not determined.

Plaintiff alleges in his complaint that he tendered defendant a quitclaim deed for the conveyance by defendant to plaintiff of his interest in the premises under the patent, and requested defendant to execute and deliver the same; and that at the time of making said request he tendered to defendant the sum of $150, to fully reimburse him for the money paid by him to the state of Colorado, to procure said patent, which tender was renewed and continued by a deposit of the sum of $150 with the clerk of the court, to be paid to defendant upon the execution by him of a deed for the premises. From these allegations it will be perceived that the plaintiff did not, in his complaint, recognize any interest of the defendant in the premises other than that obtained by the payment to the state of the balance of the purchase money; and, in so far as the defendant had obtained an acknowledgment in the decree of his equitable interest in the premises, other than the interest he acquired by the payment of the purchase money to the state, he has defeated the claim set up by the plaintiff, and, for this reason, we think the costs in the court below should be borne equally by the plaintiff and defendant. The decree should be modified so as to provide that the plaintiff and defendant shall each pay one-half of the costs in the court below, and the judgment be affirmed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is affirmed, except as to costs, and it is ordered that the costs, both in the court below and in this court, be equally taxed to both parties.

*Affirmed.*