# Henry A. Dwyer et al., Appellants, v. W. K. Wright.

*Vendor and vendee—Equitable ejectment—Tender.*

A vendee of land under articles of agreement who owes a portion of the purchase money, cannot recover the possession of the land from the vendor, by an equitable ejectment, unless he has tendered the money before suit brought, and has the money in court ready to be paid in the event of a verdict in his favor.

Argued March 14, 1894. Appeal, No. 355, Jan. T., 1894, by plaintiffs, from judgment of C. P. Clinton Co., April T., 1891, No. 30, on verdict for defendant. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Ejectment for lot of land in Renovo.

The facts appear by the opinion of the Supreme Court.

*C. S. McCormick,* for appellants, cited : Brown v. Sutton, 129 U. S. 238; Sergeant v. Ingersoll, 7 Pa. 340; Logan v. Neil, 128 Pa. 457; Harris v. Bell, 10 S. & R. 39; Bassler v. Niesly, 2 S. & R. 354; Chase v. Irvin, 87 Pa. 290; Orne v. Kittanning Coal Co., 114 Pa. 180; McGrew v. Foster, 113 Pa. 648.

*T. C. Hipple,* for appellee, cited : Bell v. Clark, 111 Pa. 94; Orne v. Kittanning Coal Co., 114 Pa. 172; 2 Pomeroy's Eq. Jurisp., p. 59; Boggs v. Varner, 6 W. & S., 469; Haven v. Patterson, 43 N. Y. 218; Hayes v. Nourse, 114 N. Y. 595; s. c., 11 Am. St. R. 700; Henry v. Conn, 12 Ohio, 193 ; Walker v. Douglass, 70 Ill. 445; Trimble v. Boothy, 14 Ohio, 109; s. c., 45 Am. Dec. 526; Kennedy v. Baker, 159 Pa. 146; 2 Beech's Eq. Jurisp. § 566.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 11, 1894 :

In May, 1870, Anthony Dwyer by articles of agreement purchased from the Philadelphia and Erie Land Company nine lots in the borough of Renovo for which he agreed to pay $2,024 in installments. Prior to July 23, 1873, he paid on account, at different times, altogether $860.50; and a week thereafter he died, leaving to survive him a widow, and several children, plaintiffs in this action. The agreement contained a warrant of attorney to confess judgment in an action of ejectment, in case default was made in payment of purchase money, to be released on payment of amount so in arrear within three months from entry of judgment. In May, 1878, an action of ejectment against the vendee's widow and children was instituted by the land company to enforce specific performance of the agreement. The writ was personally served on Catharine Dwyer, the widow, and Henry A. Dwyer, the oldest son, and service was accepted for the others—all of whom were then minors—by their guardian ad litem, James Chatham. Afterwards, by virtue of the power of attorney aforesaid, H. T. Beardsley, Esq., appeared for the defendants and confessed judgment against them and in favor of the land company for said nine lots of ground to be released upon payment, within three months, of $1,932.12, residue of the purchase money, with interest from May 1, 1878, commissions, etc. No writ of habere

facias possessionem was ever issued on said judgment, nor does it appear that any part of said money was ever paid; but it does appear from Mrs. Dwyer's testimony that, sometime after the judgment in ejectment was confessed, the premises became vacant and in 1881 the land company resumed possession thereof. Afterwards, in April of that year, W. K. Wright, the defendant in this action, purchased one of the lots (lot No. 4, the property now in controversy) from the land company, went into possession, and, at a cost of about $1,000, erected a house thereon which he occupied nearly nine years prior to the bringing of this action of ejectment against him. On the trial in May, 1893, a verdict was rendered for defendant by direction of the learned trial judge, who afterwards put on record his reasons at length for so doing. From the judgment entered on that verdict this appeal was taken and the only error assigned is, "in directing the jury to render a verdict for defendant, and in taking the case from the jury."

Without pausing to consider what effect, if any, should be given to the confessed judgment in ejectment, and, in same connection, whether the power of attorney became inoperative by the death of Anthony Dwyer, or was in its nature irrevocable, we think there is at least one ground on which the action of the court should be sustained. In any view that can be taken of the case, it must be conceded that the plaintiffs' action of ejectment is grounded on a mere equity. The legal title to the lot in controversy is not and never was in them or any of them. It remained in the Philadelphia and Erie Land Company, until it conveyed the lot to defendant in 1884. Plaintiffs were in possession at the death of their father and for some time thereafter, and do not appear to have been tortiously or wrongfully dispossessed by any one. On the contrary, they voluntarily relinquished their possession, and, according to the undisputed testimony, the land company peaceably resumed possession of the premises before the defendant bought the lot in controversy. Although thus out of possession before they brought suit, the plaintiffs neither previously tendered any part of the overdue purchase money nor afterwards brought the same into court. In these circumstances they were not entitled to recover. It is well settled that to entitle a plaintiff in ejectment—founded on an equity only—to recover he must not

only tender the money before suit brought, but he must show his readiness to perform by having it in court ready to be paid in the event of a verdict in his favor : Minsker v. Morrison, 2 Yeates, 346 ; Gore v. Kinney, 10 Watts, 139 ; Bell v. Clarke, 111 Pa. 92 ; Orne v. Kittanning Coal Co., 114 Pa. 172. " The rule," said Mr. Justice GORDON, in Bell v. Clarke, supra, " may be stated thus : When the possession of the vendor is lawful, his vendee cannot maintain ejectment against him without proof of a previous tender of the purchase money, and he must also maintain that tender by producing the money in court. Until he has thus put his vendor in fault, he has no cause of action ; nor can he demand a verdict conditioned upon his subsequent payment of the purchase money, for that would enable him, by a refusal to comply with such verdict, to harass the owner of the legal title to no purpose."

The rule is founded on the principle that he who claims under an equitable title only must do equity before he can recover. What is equity, in a particular case, must depend on the contract invoked, and the equities arising under it. It does not apply when the vendor, for example, after putting the vendee in possession and inducing him to make valuable improvements, has by collusion or other unfair practice regained possession ; but, in the case before us there is nothing of that nature to take it out of the general rule. If there is, the testimony does not disclose it.

Judgment affirmed.