UEHLING v. LYON et al.

(Circuit Court, W. D. Pennsylvania. January 13, 1905.)

No. 12.

1. TRUSTS—STOCK—ISSUANCE—EQUITABLE LIENS.
   Where defendant held stock in trust for M., which was subject to defendant's equitable claim for services rendered in executing the trust, and complainant's only claim to certain of such stock was through M., complainant could not maintain a bill to compel defendant to transfer the stock to him without offering to satisfy defendant's claim thereon.

In Equity.

G. K. Wright, for plaintiff.

Lyon, McKee & Mitchell, for defendants.

BUFFINGTON, District Judge. This is a bill in equity to compel Walter Lyon, one of the respondents, to transfer to Edward A. Uehling, the complainant, stock of the American Casting Machine Company of the par value of $5,000. The stock in question came into Lyon's hands under an agreement in writing, dated March 6, 1900, signed by H. W. Hartman and J. W. Miller. Subsequently, by indorsement thereon, dated May 5, 1900, they specified the person to whom the stock should be issued. Mr. Hartman's interest in the stock and trust had been satisfied. He was called as a witness in the case, and noninterest by him in the subject-matter here in dispute is conceded. Miller is not joined as a party to this suit, nor is it shown he has any knowledge thereof. It also affirmatively appears there was a dispute between him and Uehling in reference to the transactions in which this stock issued. No question is here raised as to the nonjoinder of Miller in this bill, and, in our view of the case, we need not concern ourselves therewith; but, if our conclusion were otherwise, and we regarded the case as one otherwise warranting a decree for the complainant, we would have difficulty in making such decree, owing to Miller's nonjoinder. Philadelphia v. River Front R. Co., 133 Pa. 134, 19 Atl. 356; Gregory v. Stetson, 133 U. S. 579, 10 Sup. Ct. 422,

33 L. Ed. 792. In our view of the case, however, this question becomes of no importance, for on other grounds this bill must be dismissed. The contention of Lyon is that, while he received the entire issue of this stock in trust, such trust was one solely to H. W. Hartman and J. W. Miller. The facts proven support this contention. There is no evidence of any trust or duty imposed upon or accepted by Lyon to Uehling, the complainant. The latter expressly stated in his testimony that he never had any dealings with Lyon, or, indeed, had any acquaintance with him. It is true that Lyon issued stock to Uehling, but such stock was part of Miller's share under the Hartman-Miller agreement; and it was issued to Uehling, not because Lyon held it in trust for him, but because he held it in trust for Miller, and he issued it to Uehling by virtue of Miller's order. The unissued stock which is still in Lyon's hands the latter claims to hold as compensation for his duties and services under the trust to Miller. He says Hartman paid him his proportion of the compensation, but that Miller never has. If this be the case—and such seems to be the proof—it is apparent that while, as between Miller and Uehling the latter may be entitled to more stock than he has received, yet, as his claim to this particular stock is through Miller, he cannot compel a transfer without first meeting the prior equitable claims of Mr. Lyon to this stock of Miller's for services rendered in executing the trust. In other words, Uehling's claim is through Miller, and he must accept Miller's stock subject to all equitable charges against it for services rendered Miller. 2 Am. & Eng. Ency. Law, 1080; Appeal of the Mifflin County National Bank, 98 Pa. 150. The latter, by assigning his stock to a third party, or directing its issue to another, cannot thereby relieve it of pre-existing equitable charges or burdens resting upon it. Applying these principles to the facts before us, it is clear that there is no trust relation between Uehling and Lyon; that any claim Uehling has to this stock is through Miller; that, as to the stock, it was held by Lyon for Miller, but that it was subject to an equitable claim of Lyon against Miller for services rendered. It follows, therefore, that Uehling cannot compel a transfer of the stock by Lyon without discharging the latter's equitable claim upon the stock for services. Having sought equitable relief, he must do equity. Dwyer v. Wright, 162 Pa. 405, 29 Atl. 754. In the absence of any offer by Uehling to satisfy what the proofs show is a just charge on Lyon's part as against Miller's stock, his bill must be dismissed.

A decree in accord with these views may be prepared.