### Johnston v. Glazier.

*Contracts — Sale of real estate — Tender of price—Ejectment by buyer— Tender must be accompanied by demand for a deed in form required by the contract.*

1. The buyer of land must tender the seller the purchase money stipulated in the contract and demand a deed conforming to the contract in order to lay ground for ejectment against the seller.

2. It is not a good tender if the buyer demand a deed signed by the seller and his wife, when the wife did not sign the contract of sale and refuses to sign the deed.

Ejectment. Motion by defendant for judgment *n. o. v.* C. P. Fulton Co., Oct. T., 1919, No. 6.

*John P. Sipes,* for plaintiff.

*John R. Jackson* and *Walter K. Sharpe,* for defendant.

McPHERSON, P. J., June 22, 1921.—In the above entitled cause the plaintiff brought suit against the defendant in ejectment, based upon an article of agreement entered into between the plaintiff and the defendant, whereby the latter agreed to convey to the former a certain lot of ground, situate in Ayr Township, Fulton County, Pa., for the consideration of $700. The defendant at the time of the execution of these articles was a married man, and his then wife is still living. Shortly after the articles were executed the defendant informed the plaintiff that his wife was not willing to join in a deed for the property. This refusal on the part of the wife has been persisted in by her from that time to, and including, the time of the trial of this suit, and is not the product of collusion with or persuasion by the defendant.

At the trial of the cause the court directed the jury that, as a matter of law, the plaintiff was entitled to recover against the defendant, and directed a general verdict in favor of the plaintiff and against the defendant, and refused to charge, as requested by the defendant, that under the evidence the verdict of the jury should be for the defendant.

1 D. & C.

Johnston *v.* Glazier.

Upon a verdict being rendered as directed by the court, the defendant moved for judgment n. o. v., and at the time of the argument of this motion contended that the court erred in directing a verdict in favor of the plaintiff and refusing defendant's request for binding instructions because the tender made by the plaintiff to the defendant prior to the bringing of the suit was not a sufficient tender, it being made with the demand and on the condition that the defendant should deliver to him a deed for the plot of ground agreed to be sold, executed by himself and his wife, which demand exceeded his rights resulting from the agreement itself. The plaintiff at the argument presented no brief and made no argument.

It is clear that under the article of agreement in this case the plaintiff was entitled merely to a deed to the property described therein, executed by the defendant alone, and that it was only such title that the plaintiff had a right to demand and to sue for under the article. In other words, under the agreement, he was entitled to a deed from the defendant alone, and not from the defendant and his wife: Burk's Appeal, 75 Pa. 141; Stratford *v.* Lukens, 52 Pa. Superior Ct. 355.

This being an action of equitable ejectment, it also seems clear that prior to, and as a condition of, bringing the action the plaintiff was obliged first to do equity and offer to perform the covenants imposed upon him by the agreement in return for the rights which the agreement secured to him. In cases like the present this required a tender on the part of the plaintiff to the defendant of the purchase money due in return for the execution and delivery by the defendant of a deed for the land in question: Minsker *v.* Morrison, 2 Yeates, 344; Gore *v.* Kinney, 10 Watts, 139; Bell *v.* Clark, 111 Pa. 92; Orne *v.* Kittanning C. Co., 114 Pa. 172; Dwyer *v.* Wright, 162 Pa. 405.

This rule is applied to this action in law because of the Pennsylvania practice to administer equity through the forms of common law.

From the evidence it is clear that the only tender made by the plaintiff prior to the bringing of the suit was a tender of the purchase money due, upon demand and condition that the defendant deliver a deed for the property in question executed by himself and his wife. As this demand was beyond his rights under the agreement, it was a tender subject to a condition which he had no right to impose upon the defendant under the agreement, which did not do equity nor put the defendant in default upon his refusal of the tender. In Clarke *v.* Seirer, 7 Watts, 107, Gibson, C. J., says: "If the vendee consent to take such title as the husband can give, it is agreed the coverture will not stand in the way of performance. But thus far entitling himself to it by performance on his own part, he must professedly go for no more. If he tender the price, demanding an entire execution of the contract (the joinder of a wife in the execution of a deed), it may be rejected for having been tendered on a condition he is not entitled to enforce."

The tender, therefore, was not such as would put the plaintiff in a position to sue.

Under this view of the law the court erred in directing a verdict in favor of the plaintiff and in refusing to charge, as requested by the defendant, that, under all the evidence, the verdict should be for the defendant. We, therefore, in order to correct this error, hereby direct that a judgment in favor of the defendant be entered, notwithstanding the verdict of the jury rendered in this case.

And now, June 22, 1921, let judgment be entered in favor of the defendant.