## HOT SPRINGS COAL CO. v. MILLER.

### No. 1848.

Circuit Court of Appeals, Tenth Circuit.

Nov. 2, 1939.

Rehearing Denied Dec. 19, 1939.

678

Cyril W. Armstrong, of Chicago, Ill. (Charles E. Lane, of Cheyenne, Wyo., and Clarence P. Parker, of Chicago, Ill., on the brief), for appellant.

Allen A. Pearson, of Cheyenne, Wyo., for appellee.

Before LEWIS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

The McPherson Oil Company, a Delaware corporation, Hot Springs Coal Company, an Illinois corporation, and others, filed their bill of complaint against Albert C. Miller in the District Court of the United States for the District of Wyoming. The parties will be referred to herein as they appeared in the court below.

Plaintiffs in their bill of complaint sought to establish title and ownership in themselves to a coal mining lease and certain coal mining permits covering government lands in Wyoming. The bill charged that the lease and permits were issued and taken in the name of defendant, but that he was a constructive trustee and took and held them as agent and in trust for plaintiffs and that plaintiffs were the owners of the interest in such lease and such permits. Plaintiffs prayed that a court of equity decree that plaintiffs furnished the money with which defendant was able to obtain the coal permit and was enabled to operate a wagon mine on the premises, and that defendant, in procuring the coal permit and in operating the mine, acted as agent and trustee for plaintiffs; that a trust be declared; that plaintiffs be decreed to be the beneficial parties in interest in the coal lease; that defendant be required to assign and transfer to plaintiffs the coal lease and permit; and for an accounting.

Defendant denied that he held the lease and permit for the benefit of plaintiffs, and

stated that in taking the permit and lease he was under no duty to take the same in the name of and for the benefit of plaintiffs. Defendant alleged that he offered to hold the same for the benefit of plaintiffs and their stockholders upon condition that plaintiffs furnish necessary funds to operate, develop and prove the worth of the land; that plaintiffs failed, refused and neglected to furnish the financial assistance, and by reason of such failure it was necessary for defendant to carry on the development work at his own expense; that he had developed the property at an expenditure to himself of approximately $17,000. He prayed that the bill be dismissed and his title to the property quieted, but that in the event it be determined plaintiffs had an interest in the lease and permits, they be required to reimburse him by a day to be fixed for his expenditures, with interest thereon, and that in default of such reimbursement the entire interest, title and right of possession in and to the lands covered by the lease and permit be quieted and confirmed in him. A reply was filed by plaintiffs denying the allegations of defendant's answer and alleging that plaintiffs furnished the money with which the development had been done. The case was tried to the court and during the trial thereof a settlement was made by plaintiffs and defendant, through their attorneys, which was approved by the court.

On January 4, 1938, the court entered a decree reciting that the parties had agreed in open court that the plaintiffs McPherson Oil Company and Hot Springs Coal Company, corporations, were indebted to Albert C. Miller in the sum of $11,500; that in addition thereto defendant was the owner of $1,000 deposited with the Commissioner of the General Land Office of the United States of America in lieu of a bond; that the plaintiffs pay to defendant the sum of $11,500 on or before July 1, 1938, and that upon the payment to defendant of said sum and upon plaintiffs or either of them securing the release and refund of the $1,-000 on deposit, or in the event they failed to secure the release, then upon the payment to defendant of the additional sum of $1,000, plaintiffs shall hold all the land involved in the coal permit and the mining lease in controversy, free and clear of any and all incumbrances except any royalties or other obligations to the United States government; that upon the payment of said sums of money by plaintiffs to defendant, plaintiffs shall become vested with the title to all the property in controversy and shall, upon making said payments, be entitled to the immediate possession thereof; that in the event plaintiffs, or any or either of them, fail to pay the amount found due the defendant on or before July 1, 1938, title to the coal mining permits and lease shall be and vest automatically in defendant, Albert C. Miller, free from any claim of plaintiffs or any of them, save and except certain personal property on the premises owned by plaintiffs.

The decree further recites that the court, having heard the stipulation, finds that it is just and proper and should be approved. The decree contained appropriate provisions to make effective the provisions of the agreement. The court in its decree reserved jurisdiction of the cause for the purpose of making any future orders as might be required.

On June 30, 1938, plaintiffs filed a motion asking that the decree be set aside, for the reason that plaintiffs' attorneys did not have authority to make or enter into the settlement; that the real estate involved in the permit constitutes the major portion of the assets of the Hot Springs Coal Company. By amendment to the motion further grounds were urged for vacation of the decree, namely, that the agreement violated the statutes of Illinois which require that a corporation cannot dispose of all its assets without complying with certain statutory requirements relating to the sale of the assets of a corporation.

This motion was heard by the court and on the 29th day of August, 1938, defendant filed his motion stating that plaintiffs had failed or refused to make the payments or any part of them provided for in the agreement incorporated in the decree of the court; that the time for payment had expired, and prayed for a final decree, quieting title to the property in controversy in defendant and against plaintiffs. On the 29th day of August, 1938, a final decree was entered by the court quieting the title of defendant in and to the lease and permits and barring plaintiffs from any right, title or interest in them. The notice of appeal recites that the appeal is taken from the decree of January 4, 1938, the order denying the motion to vacate and set aside the same, and the final decree of August 29, 1938.

The grounds urged for consideration for reversal of the decree are: 1st, That the attorneys representing plaintiffs did

not have authority to make and enter the agreement; 2nd, That the decree is void because contrary to the Illinois statute prohibiting a corporation from selling and disposing of all of its assets without complying with certain statutory requirements; 3rd, That the court was without authority to make an alternative or conditional decree.

In its motion to vacate the judgment, plaintiffs contend that the attorneys for plaintiffs did not have authority to make and enter the agreement that was made. Plaintiffs were represented by two attorneys, Charles E. Lane of Wyoming, and Jacob Brisgall of Chicago, Illinois. The evidence establishes that after negotiations for a settlement had been completed, Mr. Brisgall called the president of the Hot Springs Coal Company and advised him of the proposed settlement. He did not inform him that in the event of plaintiffs' failure to pay the $12,500, title to the property in controversy would be quieted in defendant. The president was informed of all other terms of the proposed settlement. Being informed of the terms of the proposed agreement, the president said, "All right, do the best you can." There was no testimony that the powers of Charles E. Lane were other than those of a general attorney. No evidence was offered tending to show that his authority was limited in any way. In the absence of an affirmative showing to the contrary, it is presumed that an attorney has authority to compromise and settle a case. Freeman, Judgments, 5th Ed., § 1346; 6 C.J., page 645, § 150; Dwight v. Hazlett, 107 W.Va. 192, 147 S.E. 877, 66 A.L.R. 102, 106; East Line & R. River Ry. Co. v. Scott, 72 Tex. 70, 10 S.W. 99, 13 Am.St. Rep. 758; United States v. Beebe, 180 U.S. 343, loc. cit. 352, 2 S.Ct. 371, 45 L.Ed. 563.

It is, however, not necessary to determine whether plaintiffs' attorneys had authority to make the settlement. All the proposed terms of the settlement were communicated to plaintiffs. They accepted and ratified the proposed settlement and attempted to carry it out. As has been stated, the decree of the court gave plaintiffs six months within which to pay defendant the $12,500 due him. On June 6, 1938, the president of the Hot Springs Coal Company addressed letters to all of the stockholders of the company reciting the terms of the proposed settlement. This letter recited the appearance of Brisgall and Lane in the litigation. It stated the provisions of the decree of the court requiring the payment to defendant of $12,500 by July 1, and that if such payment was not made by that time the mine would revert to defendant. The letter states that the delay in informing the stockholders was due to the protracted meetings of the Board of Directors to find ways and means to raise this sum and recites the failure of the officers to accomplish this. The letter then appealed to the stockholders for suggestions as to what could be done.

From this letter it is evident that the officers of plaintiff company had full knowledge of the settlement and of provisions of the decree providing for the quieting of the title in defendant if these payments were not made by July 1. Aside from any other evidence, this letter shows that plaintiffs were fully informed of the provisions of the settlement, ratified and accepted it and attempted to carry it out. As late as the date of this letter, no suggestion appears anywhere that the settlement was unauthorized or that it should be repudiated for want of authority to consummate it.

It was only on June 30, the last day for the payment of the $12,500, that plaintiffs attempted to set the decree aside for want of authority on the part of its attorneys to make the settlement. Conceding for the purpose of this opinion, without so deciding, that plaintiffs' attorneys were not authorized to make the settlement, it must be found that plaintiffs confirmed and ratified the settlement and are estopped to challenge the same.

It is further urged that the decree of the court is void because contrary to an Illinois statute (Smith-Hurd Ill.Rev.Stat. 1935, c. 32, § 157.72) which prohibits a corporation from disposing of all of its assets without complying with certain statutory requirements. Such a statute can relate only to voluntary disposals and sales of property standing in the name of a corporation and admittedly the property of the corporation. In this case the corporation claimed to be the owner of this property. It did not stand in the name of the corporation. At best, all that it had was an equitable interest in the property. It filed its petition in a court of equity, claiming to be the owner of the property by virtue of a trust, and praying the court to determine its ownership and to quiet its title. Wheth-

er it was the owner of this property or not was the issue to be determined in the litigation. What, if any, interest it had in the property and the conditions and terms upon which it was the owner of any interest in the property was for the determination of a court of equity. The decree of the court in no wise constituted a sale or exchange of property belonging to plaintiffs within the purview of the Illinois statute. Fletcher on Corporations, vol. 6, page 1038; In re Norcor Mfg. Co. (Schmitt v. De Laney, et al.), 7 Cir., 97 F.2d 208; Baldwin et al. v. American Trading Co., 76 Cal.App. 80, 243 P. 710.

It is true, as contended by plaintiffs, that the trial court had power to vacate the consent decree and that the decree of the court entered January 4 was not a final decree. The difficulty in which plaintiffs find themselves is that they appealed to the court to vacate this conditional decree and set it aside. The court refused to do this, confirming its decree, and upon failure of plaintiffs to comply with the terms of the decree, entered a final decree quieting title of defendant to the property.

■ Any disposition of a pending action, not illegal, may be fairly agreed to by the parties, and if approved by the court, it should permit such disposition and enter judgment accordingly, and such judgment will be valid and binding upon the parties and their privies. 34 C.J., page 130, § 332; United States v. Parker, 120 U.S. 89, 7 S.Ct. 454, 30 L.Ed. 601; Burgess v. Seligman, 107 U.S. 20, 2 S.Ct. 10, 27 L.Ed. 359; Harniska v. Dolph, 9 Cir., 133 F. 158; Simmons v. Baynard, C.C., 30 F. 532.

There is no dispute in this case as to the origin of the transaction leading to this controversy. Defendant went to Wyoming as the agent of plaintiff McPherson Oil Company, to supervise the completion of an oil well which that company was drilling. McPherson Oil Company also had some coal properties in that vicinity. After the completion of the oil well, defendant prospected and explored adjoining coal lands and discovered a valuable vein of coal. Defendant made application for a lease and mining permits in his own name. It was ultimately agreed that plaintiffs should furnish the money and assets

with which to do the development work on this mine and if it did so the defendant would hold this property as trustee for plaintiffs. Defendant contends that plaintiffs failed in any substantial way to carry out this agreement and by reason thereof he was compelled to expend a large amount of his own funds in the development of this property, amounting to at least $17,000. Plaintiffs deny this. These were the issues to be determined by the court of equity in the pending litigation. The parties themselves arrived at an agreement by which it was agreed that plaintiffs owed defendant $12,500 for money advanced by him in the development of these properties. They agreed that before plaintiffs should have any interest in the property they should repay to defendant this sum of money, and if they did, the property was to be conveyed to the Hot Springs Coal Company for the benefit of all; if not, the title to the property was to be quieted in defendant, whose efforts and whose money up to this point made possible the development of the property. Plaintiffs agreed to this and attempted to raise the money with which to pay defendant. They wholly failed to do so. It was only on the last day before their right to any interest in the property expired under the agreement confirmed by the decree of the court that they advanced the contention that their attorneys had no authority to negotiate the settlement.

■ The settlement agreement was arrived at in open court. Plaintiffs were fully informed concerning all the terms of this settlement and attempted to carry it out. It was submitted to the court for its approval, which approval was within the equitable powers of the court to grant if it found the agreement equitable. This the court did.

A court of equity is empowered to make the provisions contained in the decree of the court in furtherance of justice between the parties. Broatch et al. v. Boysen et al., 8 Cir., 236 F. 516; Uehling v. Lyon et al., C.C., 134 F. 703; Soderberg et al. v. McRae et al., 70 Wash. 235, 126 P. 538; Robles v. Clarke, 25 Cal. 317; Stewart v. Ganley, 11 Colo. 458, 18 P. 619.

The decree of the trial court is affirmed.