### CLARKE v. BOYSEN et al.

(Circuit Court of Appeals, Eighth Circuit. April 1, 1920.)

No. 5356.

1. Lis pendens ☞24(1)—Conveyance pending suit to establish trust subject to result.

From the filing of the lis pendens in a suit to establish a trust in land in compliance with the Wyoming statutes, the land was subjected to the result of the suit, and all conveyances thereafter made were dominated by such result.

2. Lis pendens ☞24(1)—Trusts ☞236—Purchase pending action to enforce trust did not affect legal title; trustee's successor not entitled to reimbursement for outlays until obstacles to possession were removed.

In a suit to establish a trust in land, in which it was held that a corporation organized by the trustee was entitled to reimbursement for

expenditures for prospecting, its transfer of a valuable portion of the land pending the suit to parties claiming adversely to the cestuis que trust did not affect the legal title, a lis pendens having been filed, but seriously affected the possession and use of the land, and it was not entitled to payment of the sums found due until the situation was so altered that plaintiffs could obtain the land, even though it tendered a deed, and it was error to require such payment, and to dismiss as to parties not making payment, and to pay over moneys paid to the company over the protest of the parties making the payment.

3. **Appeal and error ⬤⟲1201(6)—After accounting and affirmance, supplemental bill, seeking further accounting, properly rejected.**

In a suit to establish a trust in land, in which a corporation created by the trustee was held entitled to reimbursement for expenditures for prospecting, where an accounting was had, and the decree thereon affirmed, leave to file a supplementary petition thereafter presented, seeking an accounting by the trustee for damages for deprivation of the use and occupation of the premises pending suit, was properly denied, as such claims should have been pressed on the accounting.

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Suit by John T. Clarke, individually, etc., and others, against Asmus Boysen and others. From several orders subsequent to judgment, plaintiff Clarke appeals. Affirmed in part, and reversed in part.

Malcolm Lindsey, of Denver, Colo. (Elijah N. Zoline, of New York City, and Langdon H. Larwill, of Denver, Colo., on the brief), for appellant.

John W. Lacey, of Cheyenne, Wyo. (Herbert V. Lacey, of Cheyenne, Wyo., on the brief), for appellees.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

STONE, Circuit Judge. This is the third appearance of this case in this court. The first appeal is reported in 175 Fed. 702, 99 C. C. A. 278, under the title of Broatch v. Boysen et al., and the second under the same title in 236 Fed. 516, 149 C. C. A. 568.

The original action originated in equity by a bill filed by William J. Broatch, Harry F. Clarke, Robert C. Wertz, Thomas Coughlan, Charles J. Woodhurst, John T. Clarke, and Mary F. House, executrix and sole heir under the last will and testament of Jacob E. House, deceased, et al. against Asmus Boysen et al., in the District Court of the United States for the District of Wyoming, to establish a trust in 680 acres of land in the state of Wyoming, which it was claimed was held in trust by one Asmus Boysen for the benefit of 16 shares or interests held by 12 known and 4 undisclosed principals. During the pendency of the suit, Boysen organized a company and transferred the land to Asmus Boysen Mining Company, a corporation. The United States District Court held that there was no trust established, and dismissed the bill for want of equity, but, on appeal, this court (175 Fed. 702, 99 C. C. A. 278) held that Boysen held the land as trustee for the complainants, but that, as the Asmus Boysen Mining Company had spent considerable money in prospecting on the land, it ought to be

reimbursed for same. Thereupon an accounting was had, and from the decree awarding Asmus Boysen Mining Company certain sums of money a new appeal was taken, and the decree was affirmed. 236 Fed. 518, 149 C. C. A. 568.

It was represented to this court on the second appeal that the Asmus Boysen Mining Company had divested itself of the title to 88 acres of the land, and as to that contention this court said:

"Complaint is made that the decree on the accounting requires each of the appellants to make the payment required of him within 60 days after the entry of the decree, and that it provides that in case any of them fails to do so the suit shall be dismissed as to him, because the title to 88 acres of the patented land is no longer in the Boysen Mining Company, and it cannot convey one-sixteenth interest therein to any of the appellants. But the decree requires the Boysen Mining Company to convey one-sixteenth interest of the patented land to each of the appellants upon his making the payment required of him. That conveyance is conditioned on the payment required, and in the nature of the case the payment is conditioned upon the conveyance, and ample power is vested in the court below to prevent injustice under this decree. If the mining company has not now the title and power necessary to convey one-sixteenth interest in the entire patented tract, it may yet acquire that title and power before any of the appellants is ready to pay the amount required of him, and the mining company may make the conveyance. If it cannot and does not do so, the court below has ample jurisdiction and power, and may then exercise it by supplemental decree, or by modification of the decree for the accounting, so as to require the mining company to convey the one-sixteenth interest as far as it can do so, and to make compensation for its failure to convey one-sixteenth interest in the entire tract as is often provided in cases of specific performance of contracts. Fry on Specific Performance of Contracts (3d Ed.) §§ 1222, 1223, 1224; Pomeroy on Contracts (2d Ed.) § 438."

On remand, the District Court on June 4, 1918, made an order requiring the complainants within 10 days to pay into court the respective amounts found due to the Asmus Boysen Mining Company and that, in the event same was not complied with, the action be dismissed. On that day, and prior to the entry of the said order, there was presented to the said United States District Court, by the appellant, John T. Clarke, individually and in his own right and as the equitable owner of certain rights of the complainants William J. Broatch and Robert C. Wertz, and as the assignee of the interests of the complainants C. J. Woodhurst and Mary F. House, a verified supplemental bill, wherein are set forth the various transfers and assignments made to said Clarke of the respective interests of the other parties, and it was further alleged that the said Asmus Boysen Mining Company, which was decreed to make the conveyance of the land in question here to each of the said parties, had during the pendency of the litigation divested itself of same and sold to the Big Horn Power Company (one of the · appellees herein) 88 acres of said land; that the land so conveyed was practically the only thing of value in the whole tract; that the said Big Horn Power Company and its grantees are in possession of same and claim title to it adversely to the said John T. Clarke and the other persons to whom this court has decreed the title; that by reason thereof a tender of money into court would be unavailing. The parties so claiming adversely were all made parties defendant to the supplemental bill. The District Court granted leave to file said supplemental bill.

The Chicago, Burlington & Quincy Railroad Company, one of the grantees of said Big Horn Power Company, filed an answer to the supplemental bill, claiming title adversely to the appellant Clarke and his assignees, and that the land held by it was without the survey lines of that here in controversy. On the 18th day of June, 1918, the court dismissed the entire suit as to the complainants John T. Clarke and Robert C. Wertz, for failure to comply with the order of the court to deposit the money into court and make the tender good.

On that day, and prior to the entry of the order of dismissal, the appellant, John T. Clarke, in behalf of himself and as assignee of the interests of Mary F. House and others, asked leave to file a second supplemental bill, setting up as counterclaim damages for withholding the property, and seeking thereby to reduce the amount found due to said Asmus Boysen Mining Company, but the court refused leave to file the same.

The appellant, John T. Clarke, as assignee of Woodhurst and Wertz, paid into court one-half of the amount the decree ordered as against Wertz, and the full amount decreed to be paid by Woodhurst for the interest of the latter, and prayed the court to retain the money in the registry of the court until the matters set forth in the first supplemental bill are adjudicated. This the District Court declined to do, and against the protest of the said Clarke directed said money to be paid over to the attorney for said Asmus Boysen Mining Company.

The appeal is from four orders of the court which are claimed to be erroneous. They are: The orders of June 4, 1918, requiring the money to be paid into court; the decree of June 18, 1918, dismissing the action as to John T. Clarke and Robert C. Wertz; the order of June 18, 1918, directing the clerk to pay out to John W. Lacey, attorney for the Asmus Boysen Mining Company, the money deposited in court; and the order of June 18, 1918, denying leave to file the second supplemental petition.

Appellant contends that the order requiring payment into court was error, because the mining company did not tender to appellant or into court any deed to the property, and had rendered itself unable to do so by conveying theretofore to others practically all of the valuable part of the land; that a master's deed could not give appellant any actual practical benefit, but only the basis upon which to bring further law suits against such purchasers or their grantees. To this appellees oppose the suggestion that, as all such conveyances were made pendente lite, they were made subject to the result in this suit, and that such purchasers or grantees were as much bound by the decrees entered herein as though they had been parties, and that, as the master's deed would convey full legal title, the payment into court was a proper requirement under the mandate of this court on the last previous appeal. 236 Fed. 520, 149 C. C. A. 568.

[1, 2] From the filing of the lis pendens in compliance with the Wyoming statutes the land was subjected to the result of this suit, and all conveyances made after such filing were dominated by such result. The defendant mining company, after such filing, transferred the valuable portion of the land. Such transfers did not affect the legal title

involved in the suit, but did seriously affect the possession and use of the land which are the valuable fruits of title. When the deed was due from it, under the decree, it did not tender such, and, if it had done so, it had theretofore deliberately disabled itself from delivering therewith that possession which was an essential to enjoyment of the land deeded, and had so complicated and embarrassed the situation as to necessarily involve appellant in further litigation before he could make his title of any practical value. Such conduct deprived the company of all right to any compensation until this situation was so altered that appellant could obtain the real benefits of title. As the supplemental bill on file apprised the court of·this situation, the order compelling payment into court by appellant was error. It of course follows that the decree of dismissal, as to Clarke and Wertz, which was · based upon the above failure to make payments into court, was erroneous. Another natural result is that the orders directing payment to the attorney for the company of the money paid in under protest, which protest was repeated as to the payment out, was error.

[3] The remaining contention is as to the order denying leave to file the second supplementary petition. That petition sought an accounting with the trustee for damages arising from deprivation of all beneficial use and occupation of the premises since this suit was filed. The accounting covered all sums received by the trustee in connection with the land. If appellant is entitled to any other allowance, such claim should have been pressed in the accounting. After that accounting had been fully closed, appealed to this court, and finally settled, the trial court properly denied leave to file the second supplementary petition, which would, in effect, have reopened the accounting.

The decree is affirmed, in so far as the order denying leave to file the second supplemental petition, and as to the dismissal of the complaint and the orders to pay into court, and to pay the amount so deposited in court to the attorney of the Asmus Boysen Mining Company, it is reversed and remanded, with directions to reinstate the complaint; to ascertain what, if any, portion of the land decreed to appellant or his assignors cannot be conveyed by said company free of litigation as to such title and possession, and the value thereof; to then strike a balance between such value and the amounts decreed to be paid in by appellant and his assignors under the accounting; if such balance be against appellees, then a decree therefor, and also for deeds for such lands as may be conveyed free of such litigation by the Asmus Boysen Mining Company or, if necessary, by a master; if such balance should favor appellees, a decree that upon payment of such balance by appellant within 60 days, accompanied by sufficient proof of the assignments claimed by appellant, deeds as above. The costs of this appeal to be assessed against the appellees.