## CLARKE v. BOYSEN et al.

(Circuit Court of Appeals, Eighth Circuit. June 13, 1921.)

No. 5356.

Appeal and error ⟨⟩1222—Appellate court has inherent power to correct mandate.

Every court has inherent power, on motion of a party or on its own motion, to make certain that its orders and decrees are confined to its jurisdictional powers in the instance involved, and that such orders and decrees carry out the expressed determinations on which they are based, and to that end an appellate court may recall a mandate before its execution and amend its opinion and orders to make them conform to the issues involved.

Appeal from the District Court of the United States for the District of Wyoming.

On motion of appellant to recall mandate and rectify decree. Granted.

For prior opinion, see 264 Fed. 492, 268 Fed. 535.

Bruce W. Sanborn, of St. Paul, Minn., for appellant.
D. Avery Haggard, of Cheyenne, Wyo., for appellees.

Before CARLAND and STONE, Circuit Judges.

STONE, Circuit Judge. This is a motion filed by appellant, John T. Clarke, for recall of the mandate issued by this court and to rectify the decree granted by this court on appeal. 264 Fed. 492. While the mandate has been issued, it has not, as yet, been executed. On the first appeal of this case (Broatch v. Boysen, 175 Fed. 702, 99 C. C. A. 278), this court held that appellants were owners, as cestuis que trust, of certain undivided fractional interests to a tract of land, subject to the payment of their proportional shares of certain expenditures made by the trustee. The second appeal (236 Fed. 516, 149 C. C. A. 568) determined the amounts of such payments. Thereafter the proceedings set out in the opinion on the present appeal (264 Fed. 492) occurred. Decree and mandate were issued on this appeal in accordance with the last paragraph of the opinion (264 Fed. 496). On motion to modify this opinion and decree (before issue of mandate) the opinion was modified to permit filing of the second supplemental petition.

We are asked by this motion to "rectify" the decree issued and to recall the mandate. We cannot treat this motion as of the nature of a petition for rehearing, for it is filed out of time, and appellants have already filed, and we have ruled upon, one such motion. Nor can it be considered as a bill of review. Omaha Elec. L. & P. Co. v. City of Omaha, 216 Fed. 848, 133 C. C. A. 52. But every court has an inherent power, even of its own motion, to make certain that its orders and decrees are confined to its jurisdictional powers in the instance involved, and that such orders and decrees carry out the expressed determinations upon which they are based. Clark v. Arizona Mutual S. &

L. Ass'n (D. C.) 217 Fed. 640, and affirmance in Farmers' & Merchants' Bank v. Ariz. Mut. Sav. & Loan Ass'n, 220 Fed. 1, 135 C. C. A. 577, with citations in those opinions.

To understand whether the decree and mandate were, in all things, within the jurisdiction of this court on this appeal, and whether they carry out the expressed intentions of this court, it is necessary to bear in mind the previous history of this litigation, to understand the issues involved in this appeal, and to study the scope of the opinion upon which this decree and mandate issued. The previous history of the litigation can be learned in detail from the three opinions. The issues on this appeal were from a decree of June 18, 1918, dismissing complaint as to Clarke and others, who had not paid into court amounts adjudged for their interests in the land, and who therefore had not accepted master's deeds.

The errors alleged were: (1) Order of June 4, 1918, requiring payments into court and master's deeds. (2) Order of June 18, 1918, to clerk to pay money, paid into court by certain claimants, to the attorney of the Asmus Boysen Mining Company. (3) Denial of filing second supplemental petition.

The points argued were: (1) Order of June 4 and decree of June 18 erroneous, because mining company had not offered deed, and could not offer clear deed to 88 acres (the only valuable part of land) and to part granted Burlington for right of way. (2) To require payments in full would give mining company full value for clear title, while appellants would get only lawsuit as to the most valuable portion.

The opinion (264 Fed. 492) clearly shows that there was no intention in this court to affect the title as declared in the first decision of this court (175 Fed. 702, 99 C. C. A. 278). The opinion, taken with the modification entered on appellant's motion to modify, shows clearly that what this court intended was to reverse the four orders then appealed from, and to remand the case for proceedings in accordance therewith. This would have reinstated the case, which would have been then pending on the first and second supplemental petitions. In the directory portion of the opinion (last paragraph) this court sought to work out some of the steps by which its judgment could be rendered effective in the trial court. One of the complications so presented, and which the court endeavored to work out in its directions, was that a portion of the land had been transferred by the Asmus Boysen Mining Company and would involve litigation (as set forth in the first supplemental petition) before any benefits could be derived therefrom. It was claimed by appellant, and not seriously disputed, that this portion conveyed was practically all of the entire tract that had any value. A correlative feature, in this complication, related to the payment required, by former appeals, to be made by appellants as a condition of obtaining title. That payment was due the mining company—the company which had wrongfully transferred the above portions of land, and thus put the burden and uncertainty of litigation upon appellants. The payments adjudged, in the second appeal, as due from appellants to this mining company, were based upon the idea of a clear title.

To require, under the circumstances of this litigation, such full payment for this clouded and uncertain title, would be inequitable for two reasons: First, it would be overpayment, because appellants might not be able to recover the land involved, and would certainly be burdened by prolonged and expensive litigation therefor; second, the mining company, a wrongdoer, would receive double full payment, in that it would have gotten one full payment from its grantees under the transfers which have caused all this trouble, and would get payment a second time from the appellants. The plan in the mind of the court to solve this complication was to require deeds to appellants covering their respective interests in the entire tract; to require them to pay the amounts justly due the mining company therefor. These amounts would be those adjudged on the second appeal, as affected by the situation that the mining company had already received and was accountable for the value of the lands in litigation. So far as these amounts of payment by appellants were concerned, this would mean ascertaining the value of the lands conveyed by the mining company at the time of such conveyance, and balancing between appellants and the mining company such value against the amounts decreed on second appeal to be paid by appellants. There would be a debit or credit according to whether appellants' proportion of the value of the litigated lands was less or more than the amounts they were to have paid under the decree on the second appeal.

Upon determination of these balances, payment of such as were against appellants, if any, and the passing of the deeds for appellants' interests in the entire tract, the situation would be as follows: The appellants would have title to their proportionate parts of the lands, free to litigate for possession under the first supplemental petition, and free to litigate the mining company for their proportion of the damage, because of retention and use, as set forth in the second supplemental petition. If the above balance was determined to be in favor of the appellants, they would get their deeds without payment, and also a judgment against the mining company for that balance. In the wording of the directory portion of the decree the inadvertent error was made in requiring (in line 6 from the bottom of page 496 of 264 Fed.) that the deeds be "for such lands as may be conveyed free of such litigation." This should have been, as patent from the opinion "for such portions of the entire tract as appellants have been heretofore adjudged entitled," or words to the same effect. This mistake is evident on the face of the record, particularly as shown by the opinion of which this paragraph was the directing and enforcing part.

On this third appeal it was entirely without the power and jurisdiction of this court to adjudicate as to the title of appellants in this land. That was no issue in the orders appealed from, nor presented on this appeal, and no attempt was made to disturb the title. Besides, this title had become finally established on the first appeal, which determined the law of the case, and this court in the present appeal was endeavoring to make effective that title so declared. We have no doubt of our power, in the interest of justice, after the term and before execution

of the mandate, to recall the mandate and to amend the opinion, and the orders thereunder of this court, to make them conform to the issues involved, and to the determination clearly expressed on the face of the record.

The mandate should be recalled. The opinion and decree should be amended, by inserting in each the words, "and also for deeds for such portions of the entire tract as appellants have been heretofore adjudged entitled," in lieu of the words, "and also for deeds for such lands as may be conveyed free of such litigation."

A new mandate should issue, in consonance with the decree as thus amended.