### CLARKE v. BOYSEN et al.

(Circuit Court of Appeals, Eighth Circuit. November 18, 1922.)

No. 5909.

1. **Judgment ⚌668(1)—A defendant, refusing to join as plaintiff, held concluded by a decree pro confesso taken on his default.**

In a suit by parties to a contract brought on behalf of themselves and such others as should join to establish their rights as partners in land acquired pursuant to the contract, where one party refused to join and was made a defendant, and on his default a decree pro confesso was en-

tered against him, which he never applied to have reopened, he is bound by such decree and excluded from any interest in the property.

2. Courts ⬦⟹354—Party to class suit is bound by decree.

The provision of old equity rule 48, that in class suits the decree "shall be without prejudice to the rights and claims of all the absent parties," does not apply to those members of the class who are parties, who, like parties to other suits, are bound by the decree.

3. Equity ⬦⟹114—Intervention held barred by laches.

A petition to intervene as complainant in a federal suit in equity, filed more than 14 years after commencement of the suit, and more than 4 years after the cause of action would have been barred by limitation under the state statute, with no excusing circumstances shown, *held* barred by laches.

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Suit in equity by William J. Broatch and others against Asmus Boysen, the Asmus Boysen Mining Company, and others. From an order denying leave to file a petition of intervention, Maurice G. Clarke appeals. Affirmed.

See, also, Broatch v. Boysen, 175 Fed. 702, 99 C. C. A. 278; Id., 236 Fed. 516, 149 C. C. A. 568; Clarke v. Boysen (C. C. A.) 264 Fed. 492; Id., 273 Fed. 923.

Malcolm Lindsey, of Denver, Colo. (Elijah N. Zoline, of New York City, on the brief), for appellant.

D. A. Haggard, of Cheyenne, Wyo. (Haggard & O'Mahoney, of Cheyenne, Wyo., on the brief), for appellees.

Before LEWIS and KENYON, Circuit Judges, and YOUMANS, District Judge.

YOUMANS, District Judge. This is an appeal from an order of the United States District Court of Wyoming denying to appellant permission to file a petition for an intervention in a case which as originally brought was styled as follows: William J. Broatch, Harry T. Clarke, Jacob E. House, Robert C. Wertz, Thomas Coughlan, Charles J. Woodhurst and John T. Clarke, Complainants, v. Asmus Boysen and the Asmus Boysen Mining Company, a corporation, Adam Morrell, and Joseph Weis, Defendants. The order of the court denying permission to file the petition was as follows:

"On this 9th day of December, A. D. 1920, this matter coming on for hearing on the motion of Maurice G. Clarke for permission to file a petition for intervention herein, and the court having read the petition for intervention and having fully considered said motion, it is ordered that said motion be denied, to which ruling of the court the said Maurice G. Clarke excepts."

The petition for intervention, omitting the formal parts, reads as follows:

"Your petitioner, Maurice G. Clarke, a citizen and a resident of the city of Okmulgee, in the state of Oklahoma, respectfully represents: That on the 9th day of July, 1906, William J. Broatch, Harry F. Clarke, Jacob E. House, Robert C. Wertz, Thomas Coughlan, Charles J. Woodhurst, and John T. Clarke commenced an action against Asmus Boysen and the Asmus Boysen

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Mining Company (a corporation), Adam Morrell, and Joseph Weis to establish title to certain lands described as follows: * * * That thereupon some of the defendants duly answered said bill of complaint, which answers are on file in this court; reference thereto being had. That upon a final hearing of said cause in this court, the said bill of complaint was dismissed. That on appeal from said decree to the United States Circuit Court of Appeals for the Eighth Circuit said decree was duly reversed, with certain directions, as will more fully appear from the mandate of the said Circuit Court of Appeals, on file in this court, reference thereto being had. That thereupon an accounting was duly had and a decree entered thereon, which decree was affirmed by the said United States Circuit Court of Appeals with certain modifications, all of which will more fully appear from the mandate of the said Circuit Court of Appeals and subsequent proceedings had in this court, reference thereto being had. That thereupon one John T. Clarke applied to this court for leave to file certain supplemental complaints. That certain proceedings were had in this court, resulting in a dismissal of the suit as to certain parts of the subject-matter, as will more fully appear from the record on file in this court, reference thereto being had. That thereupon an appeal was duly taken by the said John T. Clarke to the United States Circuit Court of Appeals from the order dismissing the suit as to certain parts of the subject-matter of the suit, and from certain orders denying leave to file a second supplemental bill, etc., as will more fully appear from the record on file in this court, reference thereto being had. That on appeal from the said decree of this court to the said United States Circuit Court of Appeals the said orders were duly reversed with certain directions, as will more fully appear fom the mandate of the United States Circuit Court of Appeals on file in this court, reference thereto being had in the same manner as if the mandate were duly incorporated herein.

"2. Your petitioner further states that Joseph Weis, one of the defendants to the original action and originally an owner of one-sixteenth of all rights under the agreement referred to in the original bill of complaint herein, and who by reason of the fact that only six of his associates referred to in the original agreement have accepted the provisions thereof, is according to the decision of the United States Circuit Court of Appeals in this case, as reported under the title of Broatch et al. v. Boysen, 175 Fed. 702–710, 99 C. C. A. 278 (see opinion 175 Fed. 708, 99 C. C. A. 284, showing the acceptance of the agreement by said Joseph Weis), the owner of one-seventh of the lands which is the subject-matter of this suit, did on the 15th day of November, 1913, by an instrument in writing and for a valuable consideration, duly assign to your petitioner all his legal and equitable rights and interest in said original agreement to your petitioner, and your petitioner has accordingly duly succeeded to all the rights, titles, and interest of the said Joseph Weis.

"3. Your petitioner, therefore, having an interest in the subject-matter herein which is still in litigation and under consideration of this court, respectfully prays this honorable court that an order may be entered permitting him to intervene and assert his interest in this suit, in accordance with equity rule 37 (198 Fed. xxviii, 115 C. C. A. xxviii), promulgated by the United States Supreme Court, on November 4, 1912, such intervention to be in subordination to, and in recognition of, the propriety of the main proceeding, and that your petitioner may have such other and further relief in the premises as in equity he may be entitled to, and as this court may deem just and fit."

The petition for intervention recites that upon a final hearing in the lower court the bill of complaint was dismissed and that on appeal that decree was reversed. The original decree of the lower court is not incorporated in the record. The petition for intervention, however, refers to the opinion of this court as reported in 175 Fed. 702, 99 C. C. A. 278. That opinion may therefore be referred to here. It was rendered on January 7, 1910. The suit was based upon a certain contract entered into the 1st day of April, 1899. The contract was enter-

ed into "for the purpose of leasing certain lands on the Windriver and Shoshone Indian Reservation in the state of Wyoming of the said Indians and the United States government." Asmus Boysen procured certain leases. The suit was brought originally for the purpose of securing a decree to the effect that the contract constituted a partnership agreement by which the complainants in that suit were entitled to an interest in the leases secured by Asmus Boysen. All of the parties to the contract did not join as plaintiffs.

The original complaint contained the following allegation:

"That Adam Morrell, a citizen and resident of the county of Douglas, in the state of Nebraska, and Joseph Weis, a citizen and resident of the state of New York, and each out of the jurisdiction of this court, who are parties to the contract hereinafter set forth in this complaint, refuse and fail to become parties complainant to this bill of complaint, and therefore they are made defendants herein."

The prayer of the bill is as follows:

"Your orators further pray that your honors may grant unto your orators a writ of subpœna of the United States of America, issued out of and under the seal of this honorable court, directed to defendant Asmus Boysen and the Asmus Boysen Mining Company, Adam Morrell, and Joseph Weis, therein and thereby demanding said Asmus Boysen and the Asmus Boysen Mining Company, Adam Morrell, and Joseph Weis at a certain time, and under a certain penalty, therein to be named, personally to be and appear before this honorable court then and there to answer all, and singular (not under oath, answer under oath being hereby expressly waived) the matters aforesaid, and to stand and abide by and sustain such direction and decree as shall be made herein as to your honors shall seem equitable and just."

In the opinion above referred to (175 Fed. 708, 99 C. C. A. 284) this court said:

"We have said, however, that this agreement was binding upon those parties only who accepted it and assented to its terms. Boysen, Morrell, Woodhurst, and Weis were present at the time of its execution, and accepted the same, agreeing to its provisions. John T. Wertz was present and accepted the same for his brother Robert and father-in-law, Jacob E. House. The testimony clearly shows that it was accepted and its terms agreed to by John T. Clarke and William J. Broatch. We are not concerned with the rights of Adam Morrell. He, being a defendant, filed an answer disclaiming all interest in the agreement. Joseph Weis, though made a defendant to the bill, did not appear, and a decree pro confesso was taken against him."

In the petition for intervention reference is made to the statement in the opinion regarding the acceptance of the agreement by Joseph Weis. That statement must be taken in connection with the allegation of the complaint that Weis refused to become a party plaintiff to the bill, and also to the statement of this court quoted above, that Joseph Weis did not appear, and that a decree pro confesso was taken against him. The court recognized that Weis was barred by the pro confesso decree, just as it recognized that Adam Morrell was barred by his disclaimer.

[1] Appellant alleges that he is the assignee of the interest of Joseph Weis by an instrument in writing dated the 15th of November, 1913. Therefore appellant obtained his interest after Joseph Weis refused to become a party plaintiff to the original bill, and after a decree pro confesso had been taken against him as a defendant. The appel-

lant claims "that he stands in the shoes of Joseph Weis." That being true, he is bound by the pro confesso decree to the same extent that Joseph Weis was bound. Joseph Weis could, upon proper showing and within a reasonable period of time, have procured an order of the court setting aside the pro confesso decree. So far as the record discloses he did not do so, nor does it appear that appellant did so. The decree pro confesso taken against Joseph Weis is still effective against him, and, since appellant stands in the shoes of his assignor, that decree is also effective against appellant.

This court, in the opinion above referred to (175 Fed. 709, 99 C. C. A. 285), stated specifically those persons who were entitled to an interest in the real estate, the subject of the controversy, in the following language:

"For the reasons above stated, the decree below must be reversed and the case must be remanded to the Circuit Court, with directions to enter a decree that the bill as to all the complainants, except John T. Clarke, William J. Broatch, Mary F. House, executrix and sole heir of Jacob E. House, deceased, Robert C. Wertz, and Charles J. Woodhurst, be dismissed; that an accounting be had of the amount expended by Boysen in acquiring the lease and the patented land and in the development thereof, and also of any amounts which he has received therefrom; that unless each of the complainants John T. Clarke and William J. Broatch pay to the defendant the Asmus Boysen Mining Company, a corporation, to whom the lands have been conveyed since the institution of this suit, the sum of $2,000, and, in addition thereto, the amount which one-sixteenth of said expenditures shall exceed the sum of $2,000, within 60 days after the accounting shall be closed and finally approved by the court, then the bill be dismissed as to them; that, unless each of the complainants Robert C. Wertz and Charles J. Woodhurst pay to the defendant the Asmus Boysen Mining Company the amount which one-sixteenth of said expenditures exceeds the sum of $2,000, then the bill be dismissed as to each of them; and that, in case any of them make the payment within 60 days, then the Asmus Boysen Mining Company shall convey to each of said four complainants who make such payment one-sixteenth interest in the said real estate described in the patent, and that it convey to Mary F. House, executrix and sole heir of Jacob E. House, deceased, one-sixteenth interest in said real estate described in the patent without any payment being made on her part."

[2] Appellant contends that the original suit was a class suit, and that Joseph Weis was one of the class for whose benefit the suit was brought. The original bill does not purport on its face to be brought for the benefit of a class. It was brought only for the benefit of those who joined as plaintiffs. This court, on appeal in the order above quoted, specifically found the parties to the record who had an interest in the property. Appellant's assignor was not one of them. The suit was brought prior to the promulgation of the equity rules of 1912. The old rule applicable to a class suit was No. 48. It reads as follows:

"Where the parties on either side are very numerous, and cannot, without manifest inconvenience and oppressive delays in the suit, be all brought before it, the court in its discretion may dispense with making all of them parties, and may proceed in the suit, having sufficient parties before it to represent all the adverse interests of the plaintiffs and the defendants in the suit properly before it. But, in such cases, the decree shall be without prejudice to the rights and claims of all the absent parties."

Joseph Weis was a party to the suit. The rule applied to those who were not parties. There were two subsequent appeals in the case

Broatch v. Boysen, 236 Fed. 516, and 264 Fed. 492, but they both relate to the carrying out of the order of this court quoted above.

Appellant contends that the subsequent proceedings in the case had the effect of keeping the case open, so that his right to intervene was not cut off. This cannot be true, because in the first appeal this court determined the rights of all the parties to the record. The subsequent proceedings relate only to the accounting necessary to make those rights effective.

[3] But, if it be admitted that appellant could proceed as an intervener under equity rule 37, he is confronted with the proposition that he has been guilty of laches. That point was raised by those defendants who answered in the original suit against the complainants. With reference to that, this court said (Broatch v. Boysen, 175 Fed. 708, 99 C. C. A. 284):

"The Wyoming statute of limitations authorizes the bringing of an action for the recovery of the title or possession of lands, tenements, or hereditaments at any time within ten years after the cause of such action accrues. Rev. St. 1899, § 3451. This action was commenced within the period of the Wyoming statute of limitations, and no circumstances are shown to authorize a court of equity to shorten such statutory time."

The first claim on his account was made by appellant on the 9th day of December, 1920, 14 years and 5 months after the original complaint was filed, in which it was alleged that Joseph Weis refused to become a party plaintiff to that proceeding. That was 4 years and 5 months after the statute of limitations of Wyoming had run.

In Kelley v. Boettcher, 85 Fed. 55, 62, 29 C. C. A. 14, 21, this court with reference to the doctrine of laches, said:

"The meaning of this rule is that, under ordinary circumstances, a suit in equity will not be stayed for laches before, and will be stayed after the time fixed by the analogous statute of limitations at law; but if unusual conditions or extraordinary circumstances make it inequitable to allow the prosecution of a suit after a briefer, or to forbid its maintenance after a longer, period than that fixed by the statute, the chancellor will not be bound by the statute, but will determine the extraordinary case in accordance with the equities which condition it. * * * When a suit is brought within the time fixed by the analogous statute, the burden is on the defendant to show, either from the face of the bill or by his answer, that extraordinary circumstances exist which require the application of the doctrine of laches; and, when such a suit is brought after the statutory time has elapsed, the burden is on the complainant to show, by suitable averments in his bill, that it would be inequitable to apply it to his case."

The necessary averments do not appear in appellant's petition for intervention to show that the bar of the statute of limitations should not apply as to his claim. We think that the order of the court was right on the ground that appellant is barred by the pro confesso decree, and also by laches.

The decree of the lower court will therefore be affirmed.